CITY OF NEW ALBANY *v.* PUBLIC SERVICE COMMISSION OF INDIANA.

[No. 24,100.   Filed June 29, 1923.]

1. PUBLIC SERVICE COMMISSION.—*Setting Aside, Modifying or Changing Order.* — *Supplemental Complaint.* — *Procedure.*— Under the provisions of §§10052z2 and 10052d3 Burns 1914 (Acts 1913 p. 167, §§78 and 83), authorizing any person dissatisfied with an order of the Public Service Commission fixing rates to be charged by a public utility to commence an action in the proper circuit or superior court to set aside the order on the ground that the rates fixed by it are "insufficient, unreasonable or unlawful," where, after an action to set aside an order had been commenced, the commission had modified the order, and a supplemental complaint had been filed setting out the modified order, and alleging that the rates fixed by it were "excessive, unlawful and unreasonable," the cause would stand for hearing just as if the action had been commenced for the purpose of vacating and setting aside the last order, and the

question whether that rate was unreasonable or unlawful could be litigated in the original action.  p. 420.

2.  PUBLIC SERVICE COMMISSION.—*Action to Set Aside, Modify or Change Order.—Supplemental Complaint.—Procedure.—Statute.*—In a special proceeding in the circuit or superior court to set aside, modify or change an order of the Public Service Commission fixing rates to be charged by a public utility, as authorized by §§10052z2 and 10052d3 Burns 1914 (Acts 1913 p. 167, §§78 and 82), the rules of the Civil Code as to bringing in by supplemental complaint facts which occurred after the suit was commenced do not control, as the statute (§10052d3, supra) expressly authorizes the rendition of a judgment affecting an order which has been altered, modified or amended after suit was commenced as though the modified order had been so made in the first instance.  p. 420.

3.  PUBLIC SERVICE COMMISSION.—*Action to Set Aside, Modify or Change Order.—Pleading.*—In a proceeding in the circuit or superior court to set aside, modify or change an order of the Public Service Commission fixing rates to be charged by a public utility, the strict rules of pleading under the Civil Code cannot be given effect in so far as they conflict with the provisions of the special statute authorizing such proceeding. p. 422.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by the City of New Albany against the Public Service Commission of Indiana.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Charles L. Jewett* and *Walter V. Bulleit,* for appellant.

*U. S. Lesh,* Attorney-General, for appellee.

EWBANK, J.—On September 26, 1921, the Public Service Commission of Indiana made an order, concurred in by all members of the commission, which recited that "on September 22, 1921, Arthur F. Hegewald and nine others, all residing in the city of New Albany, filed a petition, cause No. 6229, asking that the gas rates in the city of New Albany be reduced", and stating that "in due course, a hearing will be held on this

petition." And it further recited a finding by the commission that an emergency existed, and ordered that the rates established by a temporary order of such commission, approved June 4, 1920, which had expired September 1, 1921, should be revived and continued in effect pending a hearing and decision in said cause No. 6229, and be effective after September 26. The rates thus fixed were $1.60 net per thousand feet for the first 5,000 cubic feet of gas consumed per month, with reduced rates for larger quantities. Two days later, on September 28, the appellant, city of New Albany, commenced this action by filing in the Floyd Circuit Court a complaint which is not in the record, having been dismissed after a third paragraph of complaint and a supplemental complaint were filed. On October 28 thereafter, the Public Service Commission made and entered an order which recited the filing of said petition by Arthur F. Hegewald, and nine other citizens of New Albany, and that a public hearing thereon was held, pursuant to notice, at New Albany, commencing October 25; that the city attorney of New Albany filed a statement reciting that the appearance for the petitioners and the city in said case by the mayor and by Mr. Bulleit, co-counsel with the city attorney in said pending action in the circuit court and in this court, should not prejudice the pending litigation; that Mr. Bulleit and the mayor appeared (with other counsel) before the commission for the petitioners and the city of New Albany; that evidence was thereupon introduced of certain facts, including the cost of coal and operating expenses, and the fact that the service rendered by the gas company was inadequate; and that the gas company was required by said order to provide better service, as well as authorized to charge rates of $1.50 net per thousand for 5,000 cubic feet, and less rates for larger quantities. Three days after the latter order was

made, on October 31, the appellant city filed in the Clark Circuit Court, to which the cause had been removed, a third paragraph of complaint, which did not mention said permanent order made after such hearing, but attacked only the temporary order that was in effect when the action was commenced. It set out that order, and alleged, among other things, that, before it was made, the rate of $1.15 net per thousand feet of gas and downward, had been in force, that the order increased the price to $1.60 net per thousand feet and downward, and that such increased rate was "excessive, unreasonable and unlawful", and concluded with a prayer that said temporary order, fixing the price of gas at $1.60 net per thousand and downward, be vacated and set aside, that the rates previously in force be restored, and "for all other proper relief." Three weeks later, on November 22, the appellant city filed a supplemental complaint, alleging that on October 28, the Public Service Commission had made the order last set out above, which was recited as part of such supplemental complaint; that it fixed "the rate of $1.50 per thousand feet for the amount of gas used and consumed by this plaintiff (appellant), and by a great majority of the consumers of gas in the city of New Albany"; that "said rate so fixed is excessive, unlawful and unreasonable"; and that "no petition for rehearing has been asked for or granted as to said order." It concluded with a prayer "that the order of October 28, 1921, be set aside, vacated and held for naught, and for all proper relief." On the same day, appellee filed a demurrer to the third paragraph of complaint for the alleged reason that it did not state facts sufficient to constitute a cause of action. The demurrer was not ruled on until some days later, and is treated by both parties, in their briefs, as having tested the sufficiency of the third paragraph as modified by the facts stated

in the supplemental complaint, and we shall so consider it. *Farris* v. *Jones* (1887), 112 Ind. 498, 500, 501, 14 N. E. 484; *Pouder* v. *Tate* (1892), 132 Ind. 327, 329, 30 N. E. 880; *Muncie, etc., Traction Co.* v. *Citizens' Gas, etc., Co.* (1912), 179 Ind. 322, 328, 100 N. E. 65. The demurrer was afterward sustained, and appellant having withdrawn its first and second paragraphs of complaint and declining to plead over or amend, final judgment was rendered against it, from which it appealed.

The statute authorizes any person dissatisfied with an order of the Public Service Commission fixing rates to be charged by a public utility, to commence an action in the proper circuit or superior court to set aside the order on the ground that the rates. fixed by it are "insufficient, unreasonable or unlawful." §10052z2 Burns 1914, Acts 1913 p. 167, §78.

Such action must be commenced within sixty days after the making of the order, unless a rehearing be asked, and then it must be commenced within thirty days after the rehearing ends. §10052a3 Burns 1914, Acts 1913 p. 167, §79. "If the commission shall rescind its order complained of, the action shall be dismissed; if it shall alter, modify or amend the same, such altered, modified or amended order shall take the place of the original order complained of, and judgment shall be rendered thereon as though made by the commission in the first instance. If the original order shall not be rescinded or changed by the commission, judgment shall be rendered upon such original order." §10052d3 Burns 1914, Acts 1913 p. 167, §82.

Under these provisions of the statute, after an action to set aside the original order had been commenced, and pending that action the Public Service Commission had modified the order so as to reduce the price of gas as fixed by it ten cents per thou-

sand feet, and a supplemental complaint had been filed, setting out the modified order and alleging that the rates fixed by it were "excessive, unlawful and unreasonable", the cause stood for hearing and judgment just as if the action had been commenced solely for the purpose of vacating and setting aside the last order on the ground as stated. The order fixing the rate of $1.60 and downward having been superseded, it was no longer material whether or not that rate was "unreasonable and unlawful", as alleged; but a rate of $1.50 and downward being fixed by the order made after suit was commenced, the question whether or not that rate also was unreasonable and unlawful could be litigated in the original action, under express authority of the statute quoted above. Cases dealing with the right to bring in by supplemental complaint facts which occurred after the suit was commenced, in an action under the Civil Code, are not controlling in a special proceeding such as this, under a statute which expressly authorizes the rendition of a judgment affecting an order which has been altered, modified or amended after suit was commenced, as though the modified order had been so made in the first instance.

The third paragraph of complaint and the supplemental complaint, together, amounted to a challenge of the amended order made October 28, 1921, on the ground that a rate in force prior to September 26, had been increased, and that the increased rate was unreasonable and unlawful. Counsel for appellant have not pointed out nor do we perceive wherein these pleadings are insufficient, as so interpreted, to present for review the question whether or not the rates fixed by the last order are unreasonable and unlawful. §10052z2 Burns 1914, *supra.*

The statute does not provide for making up formal issues, or for a trial thereof in the court, but provides

3. that the evidence on which the Public Service Commission acted in making its order shall be certified to the court as the basis for its decision whether or not such order, in fact, is reasonable and lawful, and the court is required to act on the facts established by the evidence thus certified, or to refer back to the commission for its consideration any additional evidence that may be introduced. §10052c3 Burns 1914, Acts 1913 p. 167, §81. In a proceeding under a special statute which contains special provision as to the pleadings and evidence, the strict rules of pleading under the Civil Code cannot be given effect in so far as they conflict with the provisions of the special statute.

The judgment is reversed, with direction to overrule the demurrer to the third paragraph of the complaint and supplemental complaint.

Townsend, J., absent.