THE NEW YORK CENTRAL RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION ET AL.

[No. 26,743. Filed April 28, 1937. Rehearing denied September 20, 1937.]

TREMAIN, C. J.—This was an action by the appellant to enjoin the enforcement of ·an order by the Public Service Commission of Indiana denying the application of appellant for authority to change the station at Fontanet, Indiana, from an agency station to a non-agency and prepay station.

The complaint alleges the organization and extent of appellant as a steam railroad company; that the Public Service Commission is the governmental agency of the State of Indiana, possessed of the power and authority, conferred by statute, to order the discontinuance of agency stations of railroads operating in

this state; that appellant's railroad line extends across the state and through the town of Fontanet where an agent had been maintained for many years; that since the first day of January, 1931, the business transactions at that place had fallen off in volume to such extent that the maintenance and expense of an agent are so large in proportion to the revenue received as to amount to an unreasonable and unnecessary burden, and amount to a taking of its property without due process of law; that during the years 1931, 1932, and 1933, the revenue received from freight and passenger business totaled $7,804.20, or $2,600.70 per year; that during the same period the expense of maintaining the agent and station was $2,332.75 per year, not including maintenance of property, taxes, and interest on investment; that public necessity and convenience do not require the maintenance of the agency station.

It is further alleged that in March, 1934, the appellant filed with the Public Service Commission a petition for permission to discontinue the agency station; that the petition was denied. Embodied in the complaint is a copy of the petition before the commission and its order denying same.

Appellant prays that the order of the commission be set aside and declared to be of no force and effect; that the court enter judgment discontinuing the agency station at Fontanet, and restrain the commission from enforcing its order, and that it be directed to enter an order changing the station to a non-agency station. The issue was closed by an answer in general denial; trial by court; finding and judgment for appellees. A motion for a new trial, on the ground that the decision was contrary to law and not sustained by sufficient evidence, was overruled.

On appeal, the appellant asserts that there was no evidence produced at the trial of the cause in the Vigo

Circuit Court showing that said order "was rendered and given by authority and according to law, and is not unreasonable and that there is substantial and lawful evidence to support" said findings and order; that there was no evidence produced at the trial to support the court's decision that the appellant's petition should be denied; that the evidence shows without conflict that the proposed change would "afford reasonable and proper facilities" for the "receiving, forwarding and delivering of passengers and property" at said station. The foregoing fairly states the substance of appellant's proposition that the decision is not sustained by sufficient evidence.

The burden of proof was not on the appellees, but was upon the appellant. The order of the Public Service Commission is presumed to be valid and supported by sufficient evidence. The burden is on appellant to establish its invalidity.

At the outset this court is confronted with the question as to whether or not the order of the Public Service Commission is reasonable, or is one within its power to make under the circumstances here presented. Its jurisdiction is not questioned. If there is any substantial evidence to support the order of the commission, or if the appellant has failed to show, by a preponderance of the evidence, facts establishing the necessity of changing the station from an agency to a prepay station, neither the Vigo Circuit Court nor this court can substitute its judgment for that of the Commission. "The presumption of good faith and valid orders by the Commission must obtain until the contrary is made clearly to appear." *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65.

In *Grand Trunk, etc., R. Co.* v. *Railroad Commission etc.* (1907), 40 Ind. App. 168, 175, 81 N. E. 524, the following language is used:

"Recognizing appellant's right to a judicial hearing of its cause, the burden rests upon it to show affirmatively, by the averment of facts set forth in its petition, that the order of the railroad commission with reference to the installation of the interlocking switch at the crossing of the two roads mentioned and described in the petition does it an injustice, or is in some manner unwarranted by law.

"The case does not come before this court on appeal. It is here as an attack upon the fairness or validity of the order of the railroad commission, the presumption being that the order is valid, fair, and just to all the parties."

See *New York, Chicago & St. Louis R. R. Co.* v. *Singleton* (1935), 207 Ind. 449, 190 N. E. 761; *New York etc., R. Co.* v. *Public Service Com.* (1936), 209 Ind. 466, 199 N. E. 73.

It is said by the Supreme Court of the United States in *Florida* v. *United States* (1934), 292 U. S. 1, 12, 54 S. Ct. 603, 78 L. Ed. 720:

"The question of the weight of the evidence was for the Commission and not for the court. . . . The purpose for which the Commission was created was to bring into existence a body which, from its special character, would be best fitted to determine, among other things, whether upon the facts in a given case there is an unjust discrimination against interstate commerce."

The power and authority of the Public Service Commission, the sufficiency of the evidence heard by the commission to sustain its findings, and an order made by the commission upon evidence insufficient under rules applicable to judicial proceedings, are discussed in *Public Service Commission* v. *City of LaPorte* (1935), 207 Ind. 462, 193 N. E. 668. At bottom of page 467 the court said:

"We do not feel that the fact that the order was made without evidence, is sufficient to condem it if, in fact, it is a reasonable order in view of the facts existing at the time."

The validity of an order made by the county board of health was before this court in *Blue* v. *Beach* (1900), 155 Ind. 121, 56 N. E. 89. The court held that it would not overrule the board on matters within its jurisdiction.

A tax decision of the Supreme Court of Indiana was upheld by the United States Supreme Court in *Pittsburgh, etc., Railway Co.* v. *Backus* (1894), 154 U. S. 421, 434-435, 14 S. Ct. 1114, by the use of the following language:

> "Whenever a question of fact is thus submitted to the determination of a special tribunal, its decision creates something more than a mere presumption of fact, and if such determination comes into inquiry before the courts it cannot be overthrown by evidence going only to show that the fact was otherwise than as so found and determined."

The appellant relies upon the propositions that there is no evidence to support the order of the commission or to support the judgment of the lower court. The evidence shows that the town of Fontanet has a population of 750 and is the center of a township of a population of approximately 4,500, and has a postoffice. There are three nearby towns without railroad facilities depending upon the town of Fontanet and the railroad station there located. Fontanet is seven miles from Carbon, the nearest railroad station, and eleven miles from Terre Haute. It has no bus or truck line service; it has five general and two feed stores. The township centralized school is located near the station, and the children are transported by school buses to and from the school, and are required to cross and recross the railroad tracks. A coal mine is located nearby, which has been operated for many years; a warehouse is maintained for storing explosives used in the coal mine.

The railroad facilities consist of a depot, platform

between the tracks, and a crossing signal operated by the agent from the station. There are two waiting rooms, a freight room, and an agent's office in the depot. A number of fast trains pass through the town each day. A deed, introduced in evidence, conveying the land for railroad purposes, recites that it was made "in consideration of the advantages which may be or will result to the public" by the construction of the railroad. There is evidence in the record tending to show that the freight in and out of Fontanet for the years 1931, 1932, and 1933, was not as large as usual, having been reduced on account of the financial depression. The trial court refused to hear evidence that business had increased during the year 1934 on the ground that the business of that year was not in issue.

The facts alleged in the complaint, and set out above, as to the receipts and expenses of this office were proved. The evidence further establishd that if the agent is discontinued, passenger trains could be stopped by flagging; that when shipments were to be made out of the station, arrangements would have to be made at a tower station a mile away or by communicating with Carbon or Terre Haute. When inbound freight was brought to Fontanet, it would be dumped onto the platform with no one to take charge of or care for it. This would necessitate the consignee of goods to remain at the station or have a watcher present to care for the goods. The station heretofore has been maintained at all times, and was kept warm for the use of passengers and shippers. There was testimony by individuals living in that vicinity as to the necessity and convenience of the station as maintained by an agent.

The foregoing in substance constitutes the facts before the commission at the time of the hearing. It is on these facts that the appellant claims there is no substantial evidence, and that the order was not rendered

and given according to law. The trial court determined that the order "was rendered and given by authority and according to law, and is not unreasonable and that there is substantial and lawful evidence to support" said findings and order.

This court is called upon to say as a matter of law that the evidence was not sufficient, and that the station at Fontanet should be changed from an agency to a non-agency station. To do so would require the court to substitute its opinion for the opinion of the commission, upon evidence sufficient to justify the commission's finding. Upon this subject, a quotation from *United States* v. *Berwind-White Coal Mining Co., etc.* (1927), 274 U. S. 564, 580, 47 S. Ct. 727, is apt:

"There was ample evidence to support the Commission's findings. It is not for courts to weigh the evidence introduced before the Commission, *Western Paper Makers' Chemical Co.* v. *United States,* 271 U. S. 268, 271; or to inquire into the soundness of the reasoning by which its conclusions are reached, *Interstate Commerce Commission* v. *Illinois Central R. R. Co.,* 215 U. S. 452, 471; *Skinner & Eddy Corporation* v. *United States,* 249 U. S. 557, 562; or to question the wisdom of regulations which it prescribes, *United States* v. *New River Co.,* 265 U. S. 533, 542. These are matters left by Congress to the administrative 'tribunal appointed by law and informed by experience'. *Illinois Central R. R. Co.* v. *Interstate Commerce Commission,* 206 U. S. 441, 454."

Under the statute in this state, the Public Service Commission is an administrative board created by the Legislature, clothed with certain functions and powers, and, when acting within the confines of the statute, it is the final arbiter of the facts involved. The evidence shows that the receipts exceeded the expenses by a small amount. This is only one element of the case. The railroad company possessed the power of eminent domain. It condemned property and

brought its line across the country wherever and whenever it chose. Having been granted that authority by the Legislature, it owed to the public the reciprocal right of service. It was not only its privilege to make a profit from its operation, but it owed a duty of service to each community through which it passed. It is a matter of common knowledge that some communities are more profitable to the company than others, depending on population and business enterprises. Not all persons or corporations engaged in business in the commercial world, or operating a public utility, are able to realize a profit from each item of business. Merchants sometimes carry a line of goods, unprofitable as to that particular line, but necessary to accommodate customers. A railroad company operating through a community, enjoying the rights of eminent domain, should be more responsible to the community than a concern engaged in private commercial lines of business.

The appellant has failed to show that the order of the Public Service Commission was unreasonable or unlawful, or that public necessity and convenience did not require the maintenance of an agency station.

The order was one which the commission had power to make. The trial court upheld the order. This court cannot be concerned with the question of weighing the evidence, or of substituting its judgment for that of the commission. Having reached this conclusion, it necessarily follows that the judgment of the lower court is not contrary to law.

The judgment of the lower court is affirmed.