STATE EX REL. INDIANAPOLIS RAILWAYS, INC. *v.* SUPERIOR COURT OF MARION COUNTY ET AL.

[No. 28,337.   Filed October 6, 1947.]

Gilliom, Armstrong & Gilliom, of Indianapolis, for Relator.

Cleon H. Foust, Attorney General, Frank E. Coughlin, First Deputy Attorney General and Robert Hollowell, Jr., Chief Counsel for Respondents.

STARR, J.—This is an original action seeking a writ of prohibition from this court to restrain the respondent, Superior Court of Marion County and its judges, and to confine the said court to its lawful jurisdiction.

The substantial facts in this case are as follows: On July 1, 1947, the Public Service Commission of Indiana established a new schedule of rates to be charged by the relator, which is a public utility engaged in furnishing local transportation service in Indianapolis and Marion County. The order of the Public Service Commission provided that these rates were to become effective July 14, 1947. This schedule of rates was to be a permanent rate schedule and was fixed and determined by the Public Service Commission after a series of hearings by said Commission.

On July 10, 1947, as authorized by § 54-429, Burns' 1933, (Acts 1929, ch. 169, § 1) the relator brought an action in the Marion Circuit Court to vacate and set aside and enjoin the enforcement of this rate. The setting aside of this order was sought upon the ground, among others, that the new rate schedule therein fixed, was confiscatory of the relator's property in violation of the 14th Amendment to the Constitution of the United States and Art. 1, § 21, of the Constitution of Indiana.

It further appears, that after this action to rescind the order of the Public Service Commission had been commenced, and after the Marion Circuit Court had acquired jurisdiction of the same, to-wit: on July 12, 1947, there was filed in the respondent Superior Court of Marion County by the Public Service Commission of Indiana, and others, as plaintiffs, a complaint against this relator as defendant to enjoin this relator from collecting any rates or charges different from those fixed in said rate order of July 1, 1947, which is the rate order and rate schedule involved in the above described action in the Marion Circuit Court; that after the issuance of summons in said action the respondent, John L. Niblack, Judge of the Marion Superior Court, issued a restraining order in said cause restraining the relator from collecting any rates or charges different from those fixed in the rate order of July 1, 1947, and fixing the 16th day of July, 1947, as the time for hearing of the application for a temporary injunction thereon before respondent, Hezzie B. Pike, Judge of the Marion Superior Court.

During the interim between the issuance of said restraining order, and the time fixed for the hearing on the temporary injunction, this action was started seeking to prohibit the respondents from entertaining jurisdiction of said action in which the restraining order was issued, and from having any further proceedings therein. Upon the filing of this action a temporary writ of prohibition was issued by this court prohibiting respondents from enforcing said restraining order and from assuming or exercising jurisdiction over, or having any further proceedings in said action.

Among other things, § 54-430, Burns' 1933, being Acts of 1929, ch. 169, § 2, provides that in all actions such as was brought by the relator herein against the

Public Service Commission, "That whatever court, having jurisdiction, first acquires jurisdiction shall retain the same to the exclusion of all other courts of concurrent jurisdiction."

The question, therefore, for this court to determine is whether or not the Superior Court of Marion County is interfering with the jurisdiction of the Circuit Court of Marion County. It must be conceded that if such interference is taking place then this court has the power to confine the Marion Superior Court to its lawful jurisdiction. § 3-2201, Burns' 1946 Replacement.

It is our opinion that when relator's suit was commenced the Marion Circuit Court took full jurisdiction in this matter to the exclusion of all other courts. This being true, the Marion Circuit Court not only has the power to determine whether or not the rate schedule, which is attacked, should finally be set aside, but also, to determine the right, if any, of the relator to fix and collect *pendente lite* a fare different from the rate sought to be set aside. Our conclusion on this point would be the same even in the absence of the provision above quoted of § 54-430, Burns' 1933.

The relator, in its brief, admits that when it started its action in the Marion Circuit Court it was its intent, and still is, to continue during the pendency of that action, to charge fares in accordance with its rate schedule of March 12, 1946, which is higher than the rate schedule from which it is now appealing. Relator claims this right by virtue of the Indiana Acts of 1947, ch. 307, which provides that pending appeals from rate orders the utility shall have the right to collect the rate as fixed by the order appealed from or at the old rate whichever is higher in amount. The respondents seriously contend that the last men-

tioned act is unconstitutional as well as § 4 of ch. 190 of the Acts of 1933, which said Act of 1947 purports, to amend. They further argue that even if these statutes are valid the rate schedule of March 12, 1946, is not the "old rate" as intended by said acts. Whether or not these contentions are well founded cannot be determined by this court in this action but must be decided by the court where the respondent's cause is pending should the Public Service Commission or any other person who may hereafter become a party to said action question, in that cause, the legality of relator's action in charging said rate of March 12, 1946.

If our statute, above quoted, which purports to confer upon the relator the right to collect the rate fixed by the order appealed from, or the old rate whichever is higher in amount, is unconstitutional or for any other reason is not applicable, then the said circuit court would have jurisdiction to entertain a petition on the part of the relator for an interlocutory injunction, and to grant the same on proper showing enjoining the commission from interfering with the collection of a rate fixed by relator pending the outcome of the cause. The power of the court to so act is based upon rules of equity and not upon statutory authorization. *Indiana General Service Co.* v. *McCardle* (1932), 1 Fed. Supp. 113; *Public Ser. Com.* v. *Indianapolis Ry.* (1947), 225 Ind. 307, 72 N. E. (2d) 434; *Prendergast* v. *New York Telph. Co.* (1923), 262 U. S. 43, 67 L. Ed. 853, 43 S. Ct. 466. It follows, therefore, were respondents permitted to proceed, it might, in these cases, lead to orders being made in the Marion Superior Court which would clash with lawful orders made in the Marion Circuit Court.

We hold that the respondent court is acting without right or jurisdiction.

The temporary writ of prohibition heretofore issued is hereby made permanent and absolute.

NOTE.—Reported in 74 N. E. (2d) 912.