STATE EX REL. FERGER *v.* CIRCUIT COURT OF MARION COUNTY ET AL.

[No. 28,524. Filed March 19, 1949. Rehearing denied April 25, 1949.]

*Leo X. Smith, John F. Watkins,* and *Owen S. Boling,* all of Indianapolis, for relator.

*Raymond F. Murray,* of Indianapolis, for respondents.

JASPER, J.—This is an original action brought by the relator against the Circuit Court of Marion County, Indiana, and the Judge thereof, for a writ of prohibition, prohibiting the court from continuing to assume jurisdiction in a suit for specific performance of an option to purchase certain real estate contained in a lease here-

inafter described. A temporary writ of prohibition has been heretofore issued.

On April 11, 1940, relator entered into a lease with the Perine Oil Refining Company, Inc., leasing to said company specific real estate. The lease also contained an option to purchase the real estate.

A complaint for reformation of the description of the real estate leased to the Perine Oil Refining Company, Inc., was filed on February 27, 1945, in the Superior Court of Marion County, Room 2, by the lessor against the lessee.

On September 18, 1945, the lessee filed its complaint in the Circuit Court of Marion County against the lessor, Otto D. Ferger, for specific performance of the option to purchase the real estate described in the lease. A plea in abatement was filed by the relator alleging, among other things, that the cause of action pending in the Superior Court of Marion County, Room 2, had been commenced first, was then pending, and involved the same subject matter. The Perine Oil Refining Company, Inc., filed a motion to strike out the plea in abatement, which motion was sustained. Thereupon a verified motion for a change of judge was filed by the relator, which motion has been overruled, a change of judge was denied, and the cause of action has been set for trial.

The action filed in the Superior Court of Marion County, Room 2, has been heard and determined, and an appeal has been taken by the relator to the Appellate Court of Indiana, where the same is now pending.

This original action is in two paragraphs, the first to prohibit the respondents from making further orders in said cause, or proceeding to the trial thereof, and the second is for a writ of mandate, asking this court to issue a mandate against the respondent Judge, com-

manding him to grant relator's motion for a change of judge, providing a writ of prohibition is not issued against said respondents.

The complaint filed by the relator in the Superior Court of Marion County, Room 2, against the Perine Oil Refining Company, Inc., for reformation, and the complaint filed by the Perine Oil Refining Company, Inc., in the Circuit Court of Marion County, against the relator for specific performance, involve the same subject matter, namely, the rights of the parties under the lease. They also involve the same parties. *McArthur* v. *Moffett* (1910), 143 Wis. 564, 128 N. W. 445; see, also, 11 Ind. Law Journal, p. 324. Therefore the court first having jurisdiction of the subject matter and the parties now has exclusive jurisdiction until the case in that court is finally disposed of on appeal or otherwise. *State ex rel. Indianapolis Rys., Inc.*, v. *Superior Court of Marion County* (1947), 225 Ind. 301, 74 N. E. 2d 912; *State ex rel. James* v. *Marion Superior Court* (1943), 222 Ind. 26, 51 N. E. 2d 844; *State ex rel. Tuell* v. *Shelby Circuit Court* (1939), 216 Ind. 231, 23 N. E. 2d 425.

In *State ex rel. Kunkel* v. *Laporte Circuit Court* (1936), 209 Ind. 682, 693, 694, 200 N. E. 614, 618, Judge Fansler very ably stated the law of the concurrent jurisdiction of courts when he said:

"The statute authorizes this court to issue writs of prohibition to confine inferior courts to their lawful jurisdiction. Section 3-2201, Burns' Ann. St. 1933, section 1090, Baldwin's 1934. The purpose of the statute and of prohibition at common law is not only to protect parties from injury by the unwarranted usurpation of jurisdiction, but to protect the dignity of the sovereign state by preserving the integrity of its judicial system and preventing unseemly confusion and controversy between co-ordinate courts and their officers. Jurisdiction may be

said to have three aspects: *Jurisdiction of the subject-matter, jurisdiction of the person, and jurisdiction of the particular case.* (Our italics.) Two courts of concurrent jurisdiction may have jurisdiction of the same class of cases, and may acquire jurisdiction of the same person, *but where one of the two first acquires jurisdiction of the subject-matter and person in a particular case, the jurisdiction becomes exclusive.* (Our italics.) It was said by this court in *State ex rel. Cook* v. *Circuit Court of Madison County et al.* (1923), 193 Ind. 20, 27, 138 N. E. 762: '. . . the court having jurisdiction of the particular case in litigation, effectively segregates that case from the general class and excludes all other courts of like jurisdiction from assuming any authority in connection therewith. Proper and orderly administration of the laws compel these courts to thus observe the rights of each other, in order to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process.' "

The Superior Court of Marion County, Room 2, has exclusive jurisdiction.

The respondents have raised the question of failure of the relator to comply with Rule 2-35 of the Supreme Court of Indiana, 1946 Revision. However, we find that relator's petition does have as exhibits the necessary certified copies of the pleadings, orders, and entries necessary for the determination of this original action. It is not necessary that certified copies of all pleadings, orders, and entries in the proceeding be filed with the petition for a writ of prohibition. It is only necessary to file a sufficient record to fairly present the question raised. See *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 76 N. E. 2d 254.

This court having reached the above conclusions, it is not necessary to decide the issue of mandate raised by the relator in the second paragraph of his petition.

The temporary writ of prohibition heretofore granted is now by this court made permanent.

NOTE.—Reported in 84 N. E. 2d 585.