236 Ind. 202 (1956)
138 N.E.2d 4
STATE OF INDIANA ON RELATION OF PUBLIC SERVICE COMMISSION OF INDIANA ET AL.
v.
BOONE CIRCUIT COURT, THOMPSON, JUDGE, ETC.
No. 29,459.
Supreme Court of Indiana.
Filed November 8, 1956.
Rehearing denied January 15, 1957.
*204 Edwin K. Steers, Attorney General, Frank E. Spencer, Deputy Attorney General, for relator, Public Service Commission of Indiana.
Paul G. Jasper, Charles W. Campbell, Alan W. Boyd, and Barnes, Hickam, Pantzer & Boyd, of counsel, all of Indianapolis, for relator, Public Service Company of Ind., Inc. Charles F. Thompson, pro se, Parr, Parr & Parr, of Lebanon, and Davis, Hartsock & Wright, of Indianapolis, for respondents.
ARTERBURN, J.
This case raises a question of conflict of jurisdiction between two circuit courts. The relators asked and were granted a temporary writ of prohibition against the Boone Circuit Court prohibiting it from entertaining jurisdiction of a suit filed therein *205 to set aside and enjoin the Public Service Commission from enforcing an order granting a certain rate increase to the Public Service Company of Indiana, Inc. The relators now ask that this return be made permanent.
Prior to the filing of the suit in the Boone Circuit Court, the Public Service Company of Indiana, Inc., on November 7, 1955, filed an "appeal" in the Hendricks Circuit Court from an order of the Public Service Commission which denied a rate increase. After a trial in the Hendricks Circuit Court the Public Service Commission was directed to reconsider the matter based upon additional evidence submitted at the trial. This was done and accordingly on March 9, 1956, the Public Service Commission modified its previous order, and found that the net income of the utility should be increased in the amount of $1,718,857 per annum. The order of March 9, 1956, did not provide for any immediate rate increase, but provided that the cause be reset for hearing within ninety days "so that the Commission may determine and by order fix new rates and charges."
On March 21, 1956, the Public Service Commission of Indiana entered in the same proceeding another order (of which complaint is made in the Boone Circuit Court) which authorized the Public Service Company of Indiana, Inc. to increase all rates and charges by 5.35% in order to raise additional net operating income of $1,718,857 per annum. The suit in the Boone Circuit Court was brought by the Boone County Rural Electric Membership Corporation against the collection of the increased rates from this corporation alleging among other things that the increase was made ex parte, and without lawful notice to that plaintiff. The original schedule asking for rate increase filed with the Public *206 Service Commission did not include any rate increase to be paid by that plaintiff.
The order of March 21, 1956, was denominated "Supplemental Order." The increase authorized was by a percentage applied across the board against all grades of rate payers, and resulted in no change in the relative position of any group. This order further provided that such increase should constitute a surcharge in addition to charges under existing tariffs and contracts, and should be effective "until final determination of said cause." The order of March 21, 1956, stated on its face that on March 9, 1956, the Commission had found pursuant to the transmittal of materially different evidence which had been received by the Hendricks Circuit Court that the earnings of relator utility were insufficient to provide a fair return, and further stated, that "upon evidence heretofore presented and the prior findings by this Commission, it now appears that further delay in the determination of a just, reasonable, and non-discriminatory schedule of rates which will provide Petitioner with additional net operating income of $1,718,857 (Modified Order, Finding No. 5, Page 8) may prove injurious to the financial well-being of the Petitioner as well as constitute a disservice to the public interest in long-time adequate service."
The order of March 9, 1956, which found that a rate increase should be granted, and provided for a rehearing on the rate schedule, was reported and filed with the Hendricks Circuit Court; however, the order of March 21, 1956, had not been reported, or filed in the Hendricks Circuit Court at the time the suit complained of was filed in the Boone Circuit Court.
The respondents apparently contend that the right of the Boone County Rural Electric Membership Corporation to commence a separate action in a different court (Boone Circuit Court), with respect to the rates fixed *207 in the order of March 21, 1956, is expressly granted in Acts 1929, ch. 169, § 1, p. 530, being § 54-429 Burns' 1951 Replacement. This statute reads as follows:
"And person, firm, association, corporation, city, town or public utility adversely affected by any decision, ruling, order, determination, requirement or direction of the public service commission may commence an action in the circuit or superior court of any county in which that portion of the utility which is the subject matter of the procedure before the public service commission operates or seeks to operate, against the commission to vacate or set aside or enjoin the enforcement of any such decision, ruling, order, determination, requirement or direction, on the ground that the same is insufficient, unreasonable, unlawful or procured by fraud or other unlawful methods."
The above statute differs from Acts 1947, ch. 307, § 1, p. 1251, being § 54-203, Burns' 1951 Replacement, in the respect that the latter is applicable only to rate orders, and provides in such cases for jurisdiction in the circuit court in the county in which the utility is located or the Superior Court of Marion County in banc. The main office of the relator, Public Service Company of Indiana, Inc., was in Hendricks County, although it likewise operates, and does business in Boone County.
It is not necessary in this case to analyze or distinguish these statutes. We feel this case turns upon the general principles of law applicable to conflict of jurisdiction between two courts of equal rank.
Acts 1951, ch. 161, § 1, p. 415, being § 54-415 Burns' 1951 Replacement (1955 Cum. Supp.) provides in part:
"Whenever any public utility shall file a complaint or petition as to any matter concerning an increase of its own rates, affecting its patrons in any city or town in which such public utility renders service, the public utility shall publish a notice of the filing of such petition or complaint in a *208 newspaper published in such city or town, and if no newspaper is published in such city or town, then such notice shall be published in a newspaper of general circulation published within the county in which such city or town is located."
The purpose of this statute is to provide notice to all rate payers, and other interested parties. The record here shows notice of the hearing for increased rates was given as provided by statute.
Every rate payer, whether or not he actually intervenes or participates in a rate proceeding, is bound by such proceeding when instituted after notice as provided by law. If there is no intervention or active participation, his interest, nevertheless, is represented by the Public Counselor, who was permitted to intervene in the Hendricks Circuit Court. The plaintiff and intervenors in the Boone Circuit Court had the statutory right as well as constitutional right to come into the Hendricks Circuit Court, and that right continues until final judgment. 73 C.J.S., Public Utilities, § 51, p. 1118; 42 Am. Jur., Public Administrative Law, § 120, p. 455; 12 Am. Jur., Constitutional Law, § 602, p. 298.
An appeal taken from the denial of the rate increase is a continuation of that proceeding, and any reversal or setting aside of the original order on appeal is a continuation of the original proceeding that binds all persons or parties thereto who would have been bound by the original judgment or order; hence, the appeal taken to the Hendricks Circuit Court was a continuation and a part of the proceedings originally instituted by petition before the Public Service Commission for a rate increase after public notice was given as provided by statute.
Acts 1929, ch. 169, § 9, p. 530, being § 54-437, Burns' 1951 Replacement, provides in part, with reference to *209 modifications or changes in the commission's orders following an appeal to the court, viz.:
"If the commission shall so report that it has rescinded its decision, ruling, order, determination, requirement or direction complained of, the court shall thereupon dismiss the action; if the commission shall so report that it has otherwise changed its action the changed or amended decision, ruling, order, determination, requirement or direction shall take the place of the original decision, ruling, order, determination, requirement or direction complained of and judgment shall be rendered thereon as though made by the commission in the first instance. If the original action of the commission complained of be not rescinded or changed by the commission, judgment shall be rendered upon such original decision, ruling, order, determination, requirement or direction." City of New Albany v. Public Service Comm. (1923), 193 Ind. 416, 140 N.E. 433.
Acts 1929, ch. 169, § 2, p. 530, being § 54-430, Burns' 1951 Replacement, says with reference to appeals from orders of the Public Service Commission and actions of the character here involved that "whatever court, having jurisdiction, first acquires jurisdiction shall retain the same to the exclusion of all other courts of concurrent jurisdiction."
Section 54-437, supra, provides that if the Public Service Commission shall report to the court, "that it has otherwise changed its action the changed or amended decision, ruling, order, determination, requirement or direction shall take the place of the original decision, ruling, order, determination, requirement or direction complained of, and judgment shall be rendered thereon as though made by the commission in the first instance." (Our italics.)
We have, therefore, a situation where the Hendricks Circuit Court is entertaining jurisdiction of a case filed before it on November 7, 1955. The issue before *210 this court was a determination of whether or not the rates to be charged by the utility under the order of the Public Service Commission were confiscatory or not. At the same time we have a case filed thereafter in the Boone Circuit Court which questions the reasonableness of at least one of the rates charged against one of the utility's consumers under a rate schedule made in the same proceeding. The rate of this particular consumer is part of an entire rate schedule that must be finally reviewed and considered by the Hendricks Circuit Court in the case before it. Any adjustment, or change, or setting aside of this individual rate, or any other rates in the schedule would affect the question in issue before the Hendricks Circuit Court, namely, whether or not the net income from the rates charged is confiscatory.
The argument that no conflict in jurisdiction could result if both courts were permitted to proceed with their separate hearings, and final determination is obviously specious. The proceedings filed in the Boone Circuit Court in the pending complaint attacks the order of March 21, 1956, which under the statute takes the place of the original order, and upon which judgment in the Hendricks Circuit Court may be finally entered under § 54-437, supra.
The contention made that there was no public hearing held, and that there is no evidence to support the findings in the order of March 21, 1956, is a matter which properly may be considered by the Hendricks Circuit Court if an issue is made on that point. It is not a matter which the Boone Circuit Court may determine for the Hendricks Circuit Court. When a court acquires jurisdiction of a subject matter or cause, its power continues until final disposition to the exclusion of any other court of coordinate jurisdiction to interfere therewith. State ex rel. Ind'p'ls. Ry. v. *211 Superior Ct. (1947), 225 Ind. 301, 74 N.E.2d 912; Marchant v. Olson (1915), 184 Ind. 17, 110 N.E. 200; State ex rel. Ferger v. Circuit Ct. (1949), 227 Ind. 212, 84 N.E.2d 585; State ex rel. Kunkel v. LaPorte Circuit Court (1936), 209 Ind. 682, 200 N.E. 614.
The Hendricks Circuit Court not only had jurisdiction by reason of a statutory remedy of appeal, but also by reason of its equity jurisdiction under the constitution to grant relief against confiscation of its property. Pub. Ser. Comm. et al. v. City of Indianapolis (1956), 235 Ind. 70, 131 N.E.2d 308; Pub. Ser. Comm. et al. etc. v. Ind. Bell Tel. Co. (1956), 235 Ind. 1, 130 N.E.2d 467; State ex rel. Ind'p'ls. Ry. v. Superior Ct. supra.
The case in the Hendricks Circuit Court is still pending for final determination and final judgment upon the order as finally amended, modified, and determined by the commission. If the respondent's position is sound then no rate payer would be bound in event of an appeal, even though originally notice was given as by statute provided for a hearing before the Public Service Commission for a change or increase in rates. Dissatisfied parties could with equal logic institute separate proceedings in various circuit courts, each of which could also review the sufficiency of any of the orders modified or amended in the original proceeding appealed from to a circuit court in the original case. This would create an intolerable situation.
It is true, as stated by the respondents, that the proceedings in the Hendricks Circuit Court is not for the purpose of fixing rates since that is a legislative function, and not a judicial function. This is likewise true of the proceedings in the Boone Circuit Court. Neither court may fix rates. As we stated in Pub. Ser. Comm. v. City of Indianapolis, supra (1956), 235 Ind. 70, 131 N.E.2d 308, a review or appeal to the courts from an administrative order or decision *212 is limited to a consideration of whether or not the order was made in conformity with proper legal procedure, is based upon substantial evidence, and does not violate any constitutional, statutory, or legal principle. Both the Hendricks Circuit Court, and the Boone Circuit Court are so limited in any such review or so-called "appeal." A determination of those issues by the Hendricks Circuit Court, which first acquired jurisdiction would be an adjudication which the Boone Circuit Court may not reconsider, review, or change. It is obvious that these issues if they do not entirely coincide do overlap to such an extent that there is a conflict of jurisdiction between the Hendricks Circuit Court and the Boone Circuit Court.
Section 54-430, supra, makes it clear that the Legislature intended that only one court shall acquire such jurisdiction, and all objections must be made in that proceeding. This same position is taken by the Kansas Supreme Court in City of Hutchinson v. Hutchinson Gas Co. (1928), 125 Kan. 346, 264 Pac. 68, 57 A.L.R. 137, and also in McNeny v. Railroad Commission of Texas (1936), Tex. Civ. App., 96 S.W.2d 96.
The temporary writ heretofore issued is made permanent.
Landis, C.J. and Emmert, Bobbitt and Achor, JJ., concur.

ON PETITION FOR REHEARING
ARTERBURN, J.
The respondents have filed a petition for rehearing and the relators have filed a motion to dismiss the petition.
The petition for rehearing calls our attention to the use of the word "consumer" in referring to the Boone County Rural Electric Membership Corporation in our opinion, and points out that the corporation is a public utility purchasing electrical *213 power for sale and transmission from the Public Service Company of Indiana, Inc. Technically "consumer" is a misnomer, but obviously we use the word in a broad sense as synonymous with customer or ratepayer. Either of such words could have been substituted without changing the meaning of anything we said in our opinion. In so far as rate proceedings under Indiana statutes are concerned all customers or ratepayers are in the same category whether their purchases are at retail or wholesale. There are occasions, of course, when the characteristics of the purchases might be important upon the issue of discrimination. The statute with respect to the initiation of rate proceedings by public utilities is not limited to merely retail rate proceedings but pertain to "any rates, tolls, charges." Acts 1951, ch. 161, § 1, p. 415, being § 54-415, Burns' 1951 Replacement and Acts 1913, ch. 76, § 72, p. 167, being § 54-423, Burns' 1951 Replacement, and Acts 1913, ch. 76, § 77, p. 167, being § 54-428 Burns' 1951 Replacement. The statutes in Indiana relating to rates and rate proceedings do not make any distinction between retail and wholesale customers in so far as we are concerned here. Since the Public Service Commission has to review all the rates and all the income of the public utility charging the rates, no effective rate proceeding could be conducted were it otherwise.
We fail to find, likewise, that the statute makes any distinction in rate proceedings as to the method of giving notice with respect to the character of the ratepayers or customers. The contracts between the utility charging the rates and furnishing the power and the utility purchasing, transmitting and redistributing the power, are subject to the continuing jurisdiction of the commission and its regulatory powers. The fact that the schedule of the originally proposed *214 rate increase, did not contain any proposed increase for the Boone County Rural Electric Membership Corporation, does not alter the situation, as we stated in our original opinion. The Public Service Company of Indiana, Inc. sought a net increase in the total rates, and it was unnecessary to specify any particular ratepayer in the notices. The Boone County R.E.M.C. and all other ratepayers after notice, as provided by the statute, were charged with the knowledge of the proceedings to fix and alter the rates before the Commission. If the utility's existing rates were found to be confiscatory the Commission was not bound to make an increase of rates on any basis proposed by the company herein but might reconstruct its own schedule of rates.
It is further argued that a failure of the commission to report its action to the trial court causes the court to lose jurisdiction of the proceedings after a reference back to the commission as provided by statute. Whether or not the Public Service Commission reports, or fails to report, its action after a reference back, cannot confer nor deprive the court of its jurisdiction properly acquired in the first instance.
The petition for rehearing is denied.
For the reason that the issues raised in the petition to dismiss are moot upon the denial of the petition for rehearing, the petition to dismiss is dismissed.
Achor, C.J., Emmert, Bobbitt and Landis, JJ., concur.
NOTE: Reported in 138 N.E.2d 4.
Rehearing denied: 139 N.E.2d 552.