**AFL–CIO, CENTRAL LABOR COUNCIL OF VANDERBURGH, POSEY AND WARRICK COUNTIES, Appellant (Intervenor Below), and Citizens Energy Coalition Education Fund, Inc., Appellant (Intervenor Below), and City of Evansville, Appellant (Aggrieved Party),**

v.

**SOUTHERN INDIANA GAS AND ELECTRIC COMPANY, an Indiana Corporation, Larry J. Wallace, William D. Powers, and James M. Plaskett, as Members of the Public Service Commission of Indiana, and Frank J. Biddinger, Public Counselor of the State of Indiana, Appellees.**

No. 2–1079A325.

Court of Appeals of Indiana,
Third District.

Jan. 19, 1983.

---

Charles L. Berger, Berger, Berger & Bartelt, John G. Bunner, Corp. Counsel, Evansville, Sue Ann Hartig, Asst. City Atty., Evansville, Gary P. Price, Dutton, Kappes & Overman, Indianapolis, for appellants.

Fred P. Bamberger, Bamberger, Foreman, Oswald & Hahn, Evansville, Robert C. Hagemier, Hagemier, Allen & Smith, Indianapolis, for appellees.

GARRARD, Judge.

On November 22, 1978 the petitioner, Southern Indiana Gas & Electric Company (SIGECO) filed its petition with the Public Service Commission (Commission) for authority to increase its rates and charges for electric service. After investigation and a series of public hearings the commission granted a rate increase by its order of September 27, 1979. Intervenors AFL–CIO, Central Labor Council of Vanderburgh, Posey and Warrick Counties (AFL–CIO) and Citizens Energy Coalition Education Fund, Inc. (CEC) perfected this appeal. In addi-

tion the City of Evansville (City) appeals the denial of its petition to intervene in the proceeding.

AFL–CIO first argues that the Commission lacked jurisdiction of the subject matter because SIGECO failed to give proper notice of the proceeding.

It is undisputed that SIGECO published notice as required by statute for ratemaking proceedings. *See* IC 8–1–1–8, 8–1–2–61. The claim is based instead upon asserted non-compliance with Rule 16.2(c) of the Commission. That rule, currently 170 IAC 4–1–18(c), provides:

"Each utility, whenever it petitions the commission for any change in its residential base rate schedules must furnish to each residential customer within forty-five (45) days of such request a notice which fairly summarizes the nature and extent of the proposed changes."

In response to the rule SIGECO issued a form of notice and filed proof thereof on February 16, 1979. However, when the Commission subsequently issued its order it characterized the form employed as showing, at best, poor judgment and stated that it indicated a total failure by SIGECO to make a good faith effort to comply with the spirit of the rules and regulations. The Commission further observed that it would have been justified (authorized) in dismissing the proceeding or continuing the hearings with instructions that SIGECO give additional notice. The order indicated the Commission would adopt one of those alternatives if a similar situation recurred. The Commission further determined, however, that it would proceed in this case.

■ We agree that the Commission was empowered to proceed. Although it clearly could have required strict compliance with its properly adopted rules, it was not deprived of subject matter jurisdiction in this case. *City of New Haven v. Indiana Suburban Sewers, Inc.* (1972), 257 Ind. 609, 277 N.E.2d 361; *L.S. Ayres & Co. v. Indianapolis Power & Light Co.* (1976), 169 Ind.App. 652, 351 N.E.2d 814; *City of Evansville v. S.I.G.E.C.O.* (1975), 167 Ind.App. 472, 339 N.E.2d 562.

AFL–CIO and CEC next challenge the prefiled testimony utilized by SIGECO. AFL–CIO first attacks the general admissibility of evidence in this form. It asserts that although the testimony appears in deposition form, it was not prepared in compliance with Indiana Rules of Procedure, Trial Rules 30 and 31 and should not have been allowed. We disagree.

IC 8–1–2–47 empowers the Commission to adopt reasonable rules governing the proceedings before it. It adopted and published its rule governing prefiled testimony, 170 IAC 1–1–17(j). The rule allows the direct testimony of a witness to be presented in writing in question and answer form. In rate proceedings (unless otherwise provided by the prehearing conference order or stipulation of the parties) such testimony and any accompanying exhibits must be filed with the Commission and served on all parties at least fifteen (15) days prior to the hearing at which it is offered into evidence. When offered it must be authenticated by the witness under oath and he must be available for cross examination. It is subject to regular requirements of admissibility, so opposing parties may object either to the entire offering or to specific questions and answers.

■ The use of prefiled testimony is a common practice in ratemaking proceedings. Hearings before the Commission ordinarily require considerable expert testimony and complex accounting exhibits. The prefiling practice is an aid to save hearing time and assure accuracy in the witness' testimony. It may also serve to focus opposing or rebuttal testimony at the hearing. The practice is within the Commission's proper exercise of its discretion. *L.S. Ayres & Co. v. Indianapolis Power & Light Co.* (1976), 169 Ind.App. 652, 351 N.E.2d 814, 826.

AFL–CIO and CEC next challenge whether SIGECO sustained its burden of proof at the proceeding, whether the findings were adequate, and CEC additionally asserts the testimony of SIGECO witnesses Larson, Greable and Petnuinas should not

have been admitted over its objection. These arguments are interrelated and we consolidate them for purposes of our opinion. In one manner or another they focus upon the asserted conclusory nature of SIGECO's evidence and finding entered by the Commission concerning the burden of proof.

At the conclusion of the hearings the Commission issued its findings and order which consist of some twenty-nine pages providing fourteen major findings and a number of sub-findings. Included were determinations of the fair value of SIGECO's jurisdictional property, a fair rate of return, actual operating income, that present rates were unjust, unreasonable and insufficient to provide a fair return, and the authorized increase.

The intervenors do not seriously challenge the findings as being insufficient to sustain the ultimate conclusions. Instead their attack is levelled at the second tier of review: whether there is substantial evidence to support the findings of basic fact. *See L.S. Ayres & Co., supra; City of Evansville v. S.I.G.E.C.O.* (1975), 167 Ind.App. 472, 339 N.E.2d 562. In support of their contentions they refer to Finding No. 2 in the Commission's order. In that finding the Commission stated that SIGECO had, but

barely, met its burden of proof.[1] They assert that the opinions and conclusions of SIGECO's witnesses were so barren that the requirement of substantial evidence was not met.

In considering these arguments we find it helpful to briefly review the three operative determinations that occur when such expert testimony is offered.

Initially, the hearing officer will determine upon objection whether sufficient preliminary proof has been presented to permit the opinion testimony to be offered. If no objection is made the requirement of preliminary proof is waived, but the evidence may still be subject to being stricken if it later appears that the witness did not possess factual information upon which to base an opinion. *See generally McCormick On Evidence (2nd Ed.)* p. 20 et seq. In the case of prefiled testimony this may arise by objection to the exhibit in its entirety or to specific questions and answers. If the evidence is excluded it may not then be relied upon to ground the judgment.

Of course, if reasonable men might differ as to whether sufficient foundation exists for the testimony the hearing officer may admit it and opposing parties may attack the weight to be accorded it through cross examination and the proffer of their own

---

1. "2. *Petitioner's Burden of Proof.* Throughout these proceedings, in motions to dismiss and objections to testimony and other evidence offered by Petitioner, and again in its post-hearing brief, intervenor Citizens Energy Coalition Education Fund, Inc. (CECEF) has submitted that Petitioner has failed to meet its burden of proof in support of a petition for adjustment of rates for the reason, among others, that the evidence submitted by it was so conclusionary in nature and void of basic factual elements that the Commission is precluded from making the specific findings of fact and conclusions of law necessary to support an order authorizing an increase in such rates. CECEF's arguments in support of its position concerning Petitioner's burden of proof are not without merit. CECEF's examples 1, 2 and 3 of alleged insufficient "evidentiary foundation" to support the relief requested by Petitioner as set forth in pages I–10, I–11, I–12 of CECEF's post-hearing brief are indeed illustrative of instances wherein if Petitioner has met its burden of proof in this instance, it has done so very marginally. The Commission finds herein that

the Petitioner has made a sufficient prima facie case to support the findings and conclusions of the Commission in this order. It recognizes the questionable sufficiency of Petitioner's evidence and the existing law bearing on this issue, however, and realizes that, in the event this order of the Commission is reviewed by a court with appellate jurisdiction hereof, these proceedings may well be remanded for further hearings. We also believe, however, and so find that the delegation to this Commission of the legislative authority to regulate the rates of this Petitioner inherently requires this Commission to use its best judgment and discretion to proceed in a manner that will most fairly and equitably insure that the customers, creditors and stockholders of Petitioner are not prejudiced. Therefore, the Commission finds that Petitioner has sufficiently, although barely so, (especially in the case of that testimony offered by witness Larson) met its burden of proof, to support the allegations of its petition for relief and the findings, conclusions and orders of the Commission herein."

evidence. In reaching its decision the Commission may conclude to not credit the evidence even though it was properly admitted.

◼ Finally, if the Commission in its discretion properly admitted the evidence and chose to credit it in arriving at its decision we may review in order to determine whether there was substantial evidence in light of the whole record from which the Commission could have concluded as it did. In such a review, the burden is upon the appealing party to demonstrate error. *N.Y.C. Ry. Co. v. Public Svc. Comm.* (1937), 212 Ind. 329, 7 N.E.2d 957. It must show from the record that the Commission's findings in view of the entire record clearly lack a reasonably sound basis of evidentiary support. *Office of Public Counsellor v. Indiana & Michigan Electric Co.* (1981), Ind.App., 416 N.E.2d 161; *L.S. Ayres & Co., supra.*

To the extent that the appellants rely simply upon the language employed by the Commission in its Finding No. 2, we must point out that the operative parts of the finding state both that "[t]he commission finds herein that the Petitioner has made a sufficient prima facie case to support the findings and conclusions of the Commission in this order" and that "the Commission finds that the Petitioner has sufficiently . . . met its burden of proof . . . ." In view of these statements the finding must be considered as a finding for SIGECO on the burden of proof with the additional comments constituting a gratuitous admonition to SIGECO as to the form of its presentation, perhaps with a view toward future proceedings.

◼ To the extent the appellants desire to urge that there was, in fact, a failure of the evidence to support one or more of the factual findings essential to the Commission's decision they have failed to meet the burden imposed upon them in appellate review. While their arguments urge generally that the testimony provided by SIGECO's witnesses lacked proper foundation or was based on hearsay, they have not in their briefs considered the Commission's essential findings concerning jurisdictional property, fair rate of return, operating income, etc. and demonstrated by the record where such findings are not sustained by the evidence. They argue that SIGECO's experts based their opinions on "mere conclusions" but they fail to set forth the conclusions or disclose why they had no probative force. We must conclude that they have failed to demonstrate error. It is not, nor can it be, our function to sail forth and sift through the volumes of record in this case in order to determine the evidentiary support for twenty-nine pages of findings.[2] We have reviewed the testimony of SIGECO's witnesses Larson, Greable and Petniunas. We are unable to say that it is totally lacking in probative value. Since appellants have made no attempt to demonstrate wherein any of the essential findings are unsupported by the evidence, we conclude they have failed to establish error.

AFL–CIO does present a specific challenge to the propriety of including the A.B. Brown Plant in the determination. The Commission found this facility was in service and fully operational as of April 1, 1979. It found that although the scrubbers had not been operated due to testing requirements, they were complete and operational as of April 1, 1979. The Commission also found that it was not legally mandatory that they be operated commensurate with general plant operation.

◼ This court has heretofore rejected as too inflexible the notion that the "in service" test should require the actual utilization of an item during the entire test year. *City of Evansville, supra.* The determination is one within the informed regulatory judgment of the Commission. Our review

---

**2.** CEC also argues that it was denied the power to cross examine the witnesses because of the lack of factual data in their testimony. We disagree. There is no assertion that the Commission denied or limited their opportunity to cross examine. By such examination the intervenors could have explored the basis for the witness' testimony. If the witness proved unable to provide essential factual information, then a motion to strike his testimony might have been appropriate. No such issues have been presented here.

is limited to ascertaining whether the decision was reasonably related to the Commission's purpose to fix "reasonable and just" rates. The facts found by the Commission are sufficiently specific to support the inferences it drew. The decision does not appear unreasonable. Therefore, we find no error in the Commission's determination to include the A.B. Brown Plant and its pollution control devices in SIGECO's used and useful property for purposes of rate determination.

Appellant CEC asserts that the proceedings were properly subject to the provisions of the Indiana "Open Door" act, IC 5–14–1.-5–5. We agree. *Citizens Action Coalition v. Public Svc. Comm.* (1981), Ind.App., 425 N.E.2d 178. However, CEC has not urged that the Commission's order be held void, established how the statute was violated herein, nor contended any actual injury accrued to any of the parties.[3] Accordingly, we find no reversible error here.

Finally, the City of Evansville appeals the Commission's refusal to allow it to intervene. The City did not attempt to intervene until the last day of the hearings. 170 IAC 1–1–9(b) provides that:

> "Intervening petitions shall be filed not less than five (5) days prior to the date set for the initial public hearing and may be filed thereafter only with the consent of the Commission, Presiding Commissioner, Deputy Commissioner or Examiner."

The City seeks to excuse its delay in attempting intervention by pointing out that although it had notice of the SIGECO petition, the proposed new rate schedule did not request any increase in the rate for street lights. Indeed such increases apparently did not come into serious consideration until nearly the end of the two month hearing period when the Public Counselor's witness Lowe testified that street light rates should also be increased. On this state of facts it would clearly have been fair and a proper exercise of discretion to have permitted the intervention. We cannot say, however, that the Commission abused its discretion by denying intervention at the late hour City sought to appear. This is so because our cases have long held that a party given notice of a ratemaking proceeding is bound to know that its rates may be affected by the Commission's final order whether or not any changes in its rates are initially proposed or petitioned for. *State ex rel. Public Svc. Comm. v. Boone Cir. Ct.* (1956), 236 Ind. 202, 138 N.E.2d 4, *reh. den.* 236 Ind. 202, 139 N.E.2d 552; *Penn-Dixie Steel Corp. v. Public Service Co.* (1980), Ind.App., 410 N.E.2d 1354. On the authority of these decisions we must conclude that there was no abuse of discretion in denying the petition to intervene. Accordingly, we need not discuss the other errors which the City attempts to assert.

Affirmed.

HOFFMAN, P.J., and STATON, J., concur.

---

**3.** IC 5–14–1.5–7(b) requires that any action to declare void an act of a governing body because it was made in violation of the statute must be commenced within thirty (30) days after the act or failure to act complained of.