## BUMB *v.* CITY OF EVANSVILLE.

[No. 20,755. Filed March 19, 1907.]

1. STATUTES. — *Prospective Operation of.* — *Municipal Corporations.*—The act of 1893 (Acts 1893, p. 65, §§3905-4054 Burns 1894), governing cities having a population of more than 50,000 and less than 100,000, was intended to operate prospectively only; and any city subsequently attaining such population will come under the operation of such act. p. 274.

2. CONSTITUTIONAL LAW. — *Statutes.* — *Local.* — *General.*—Any law which applies generally to a designated class of cases is not a special or local law, the Constitution requiring only that laws shall operate the same in all parts of the State under the same circumstances. p. 274.

3. CONSTITUTIONAL LAW.—*Statutes.—General.—Cities.*—The act of 1893 (Acts 1893, p. 65, §§3905-4054 Burns 1894), governing cities having a population of not less than 50,000 nor more than 100,000, does not violate §22, article 4, of the Constitution, prohibiting the passage of local or special laws in certain cases. p. 274.

4. SAME. — *Statutes. — General. — Local. — Judicial Question.*— Whether a statute is general or local is to be determined not by the form of the language used, but by the application of the law.   p. 275.

5. SAME.—*Statutes.—General.—Application.*—A statute is not necessarily unconstitutional because, at a particular time, it applies only to one city.   p. 275.

6. SAME.—*Changes of Venue.—Local Laws.—Municipal Corporations.*—Section 114 of the act of 1893 (Acts 1893, p. 65, §4018 Burns 1901), providing that no change of venue shall be taken from the police judge, does not conflict with §22, article 4, of the Constitution, providing that no local or special law shall ever be passed providing for change of venue in civil or criminal cases, since such act is general, and since the legislature has the right to classify cities and provide for their local inferior courts.   p. 275.

7. MUNICIPAL CORPORATIONS. — *Ordinances. — Publication.—Signatures.—Intoxicating Liquors.*—The signature of the presiding officer of the council is not necessary in the publication of a city ordinance prohibiting the retailing of intoxicating liquors within certain limits.   p. 275.

From Vanderburgh Circuit Court; *Alexander Gilchrist,* Special Judge.

Prosecution by the City of Evansville against August Bumb. From a judgment of conviction, defendant appeals. *Affirmed.*

*Andrew J. Clark* and *George D. Heilman,* for appellant.

*Albert J. Veneman, Albert W. Funkhouser, Fred M. Hostetter* and *Arthur F. Funkhouser,* for appellee.

GILLETT, J.—This action was commenced by appellee, in the police court of the city of Evansville, to recover against appellant for selling intoxicating liquors within four miles of said city without a municipal license, in violation of an ordinance.   In this court appellant contends

that the act of March 3, 1893 (Acts 1893, p. 65, §§3905-4054 Burns 1894), relative to the government of cities of the class to which the city of Evansville belongs, is unconstitutional, as in violation of §22, article 4, of the Constitution of Indiana. It is particularly contended by appellant that §114 of said act (§4018 Burns 1901), which denies a right to a change of venue from the police court, contravenes the section of the Constitution above referred to.

The act in question relates to cities having a population of more than 50,000 and less than 100,000, "according to the last preceding United States census." The statute was intended to operate prospectively, and under it any city of the State which afterwards, under any subsequent federal census, attained a sufficient population to fall within the provisions of the act would pass into the class. In *Consumers Gas Trust Co.* v. *Harless* (1891), 131 Ind. 446, 452, 15 L. R. A. 505, it was said: "A law which applies generally to a particular class of cases is not a local or special law. *Hymes* v. *Aydelott* [1866], 26 Ind. 431; *Palmer* v. *Stumph* [1868], 29 Ind. 329. The Constitution does not require that the operation of a law shall be uniform, other than that its operation shall be the same in all parts of the State under the same circumstances." We regard it as settled that legislation for the government of cities which is framed on the lines of the act in question does not impinge upon §22, *supra,* of the legislative article of the Constitution. *City of Indianapolis* v. *Navin* (1898), 151 Ind. 139, 41 L. R. A. 337; *Campbell* v. *City of Indianapolis* (1900), 155 Ind. 186; *Smith* v. *Indianapolis St. R. Co.* (1902), 158 Ind. 425; *Evansville, etc., R. Co.* v. *City of Terre Haute* (1903), 161 Ind. 26; *Pennsylvania Co.* v. *State* (1895), 142 Ind. 428.

Appellant's counsel rely upon *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, and *Town of Longview* v.

*City of Crawfordsville* (1905), 164 Ind. 117, 68

4.  L. R. A. 622, in support of their contention that the act in question is unconstitutional. In both of said cases the limits of population were so fixed that this court was compelled to hold that the classification was illusory. There can in no circumstances be local or special legislation on any of the seventeen subjects mentioned in §22, article 4, of the Constitution relative to the legislature, and it is to be understood that no mere form of words will prevent this court from looking to the application of an act, but it should be regarded as settled that provisions which are strictly germane to the government of cities are

5.  not to be regarded as local or special because the act may, at a particular time, apply to but one city, where it is framed on lines as broad as the statute in question. As was said in *School City of Rushville* v. *Hayes, supra:* "The political needs of the larger community may be of a different nature, and the forms and methods by which its affairs must be determined may be more extensive, complicated, and elaborate than those required in a municipality of smaller population."

It is true that the section of the Constitution which is under consideration prohibits local or special laws "providing for changing the venue in civil and criminal

6.  cases," but, as we have sought to point out, the legislation in question is not local or special. A provision concerning changes of venue in actions for the violation of city ordinances is but a regulation of the exercise of municipal authority, and the warrant for the particular provision finds its sanction in the right to classify cities. *Stevens* v. *Anderson* (1896), 145 Ind. 304.

The point is made by appellant's counsel that the publication of the ordinance on which this action is based shows that the minutes of the proceedings of the council

7.  were signed by Peter Emrish, as president *pro tem.* while the evidence shows that no such person was

a member of the council, and that in the original proceedings the name of the presiding officer appears as Peter Emrich. We do not regard the setting out of the name of the presiding officer of the council as an essential part of the publication.

Judgment affirmed.