George M. Fanelli, J.
In this article 78 proceeding in the nature of mandamus petitioner seeks to cancel and revoke an order issued by respondent Chief of Police of the Village of Hastings-on-Hudson suspending petitioner from the Police Department without pay, and for a further order restoring him to the payroll of said department.
Respondent did not serve an answer to the petition, but has instead, cross-moved for an order dismissing the petition upon the grounds (1) that respondent lacks power to restore petitioner to the payroll; (2) that petitioner has failed to join as a party respondent the proper authority vested with the right to restore him to the payroll; (3) that the relief sought does not finally determine the rights of the parties since the suspension may be reviewed by the Board of Police Commissioners; and (4) that the petition is legally insufficient.
The record indicates that on April 4, 1959 petitioner was suspended by respondent without pay for 30 days pending the filing of charges, specifications and a hearing before the Board of Police Commissioners. Thereafter, on April 17, 1959 formal written charges and specifications were preferred against petitioner and a hearing thereon was conducted on May 21, 1959. After the expiration of said 30-day period (May 4, 1959), petitioner was restored to the payroll. However, petitioner was subjected to a second suspension on May 11, 1959 (presumably upon a different offense) without pay, again pending the filing of charges and specifications before the said board.
The court has been informed by counsel (subsequent to the argument) that while the hearing under the first suspension has been conducted by the board no decision has yet been rendered, and that formal charges have now been served upon petitioner with regard to the second suspension but that no hearing has yet been conducted by the board.
In the light of these developments much of the arguments advanced by petitioner in his petition and memorandum of law are no longer pertinent. However, it seems that petitioner’s main contention is that respondent has exceeded his authority in both instances by suspending him without pay prior to the filing of any formal charges. He urges that pursuant to subdivision 2 of former section 22 of the Civil Service Law (repealed and recodified by L. 1958, ch. 790, eff. April 1, 1959 — now § 75, subd. 3) he could only be suspended without pay for a period of not exceeding 30 days “ Pending the hearing and determina *147 tion of charges of incompetency or misconduct” (see Civil Service Law, § 75, suhd. 3, supra). In other words, petitioner contends that until such time as formal charges had actually been preferred against him, it was premature for respondent to suspend him without pay.
The court is of the opinion that petitioner’s position is without merit. In neither instance of suspension does petitioner urge that the charges (ultimately preferred against him) were not made within a reasonable time following his preliminary suspension, and no factual showing has been made that the second suspension may be for more than 30 days’ duration.
Subdivision 4 of section 76 of the Civil Service Law specifically provides that it shall not be construed to repeal or modify any general, special or local law relating to the removal or suspension of employees such as this petitioner may be. Section 199-dd of the Village Law, which specifically deals with Police Departments throughout the villages of Westchester County, provides, among other things, that a Chief of Police shall have the power to suspend a police officer without pay ‘1 pending investigation of charges by the board ”. This is precisely what the instant respondent has done. “ Investigation of charges ” (Village Law, § 199-dd, supra) and the suspension temporarily, without pay, pending a hearing on charges (Buie 184 of Buies and Begulations adopted by Board of Trustees of Village of Hastings-on-Hudson, pursuant to Village Law, § 199-q) are in effect synonymous. In either case, the serving of written charges need not be a condition precedent to a temporary suspension of a police officer pending a hearing and determination of such charges provided such hearing is had within a reasonable time (cf. Matter of Cugell v. Monaghan, 201 Misc. 607). Police officers occupy a unique status in the maintenance of law and order in a community and the public interests would be seriously jeopardized in the case of a police officer if he were allowed to be incompetent or charged with misconduct and it were required that he be retained in office pending the hearing of the charges or the preparation and service of the charges. In the case of police officers the power to temporarily and summarily suspend in the case of misconduct or incompetency is absolutely indispensable.
In this case, there is no question but that the charges preferred against petitioner were the basis for the prior suspensions. The court does not now pass upon the question whether petitioner may or may not be temporarily suspended without pay for more than 30 days. By this decision, the court merely holds that in this instance the temporary suspensions were *148 properly made by respondent prior to the service of the formal charges. Accordingly, the petition is denied and the respondent’s cross motion to dismiss the petition is granted upon the ground of legal insufficiency, but without costs.
Settle order on notice.