CITY OF EVANSVILLE *v.* NELSON.

[No. 30,616. Filed June 25, 1964.]

*Jerome L. Salm, Robert S. Matthews* and *David M. Keck,* all of Evansville, for appellant.

*Weyerbacher, Lacey & Rideout,* of Boonville, and *Howard C. Sandusky,* of Evansville, for appellee.

ACHOR, C. J.—This case comes to us on petition to transfer from the Appellate Court under Rule 2-23 of this court. See: *City of Evansville* v. *Nelson* (1964), 194 N. E. 2d 817, for opinion of the Appellate Court.

This cause of action follows a proceeding before the Civil Service Commission for the Police Department of the city of Evansville, wherein the appellee, a police officer, was discharged after a hearing before that body. The decision was "appealed" and venued to the Warrick Circuit Court which heard the cause *de novo,* set the decision aside, and ordered appellee reinstated. This appeal followed.

Numerous reasons were entered upon the records of the Commission as constituting grounds for dismissal. The reasons herein asserted as having been established before the Commission against appellee in support of his action are as follows, in part:

"1. . . . [T]hat on or about the 9th day of April, 1961 at about 4:00 p. m., Patrolman Melville Nelson did then and there violate Paragraph numbered 4 of the Departmental Rules and Regulations of the Civil Service Commission for the Police Department in that he did . . . at the said time, and while on duty as a policeman and while wearing the uniform of a policeman, . . . then and there partake of intoxicating liquors to such an extent as to result in a condition of intoxication so that he was then and there unable to carry out his duties as a police officer.

"2. . . . [O]n or about the 9th day of April, 1961, at about 4:00 p. m., Patrolman Melville Nelson did then and there violate Paragraph numbered 22 of the Departmental Rules and Regulations of the Civil Service Commission for the Police Department in that he did so conduct himself in the discharge of his duties and in his relations with the public and other members of the Department in a manner which did not promote the most efficient operation of the Department, and in such a manner as to bring adverse criticism and disrepute to the Police Department and to the City of Evansville in this: that while a member of said Department and on active duty, he did then and

there drink and partake of intoxicating liquor so as to render himself unfit for duty ...

. . .

"4. . . . [T]hat on or about the 9th day of April, 1961, at about 4:00 p. m., Patrolman Melville Nelson did then and there violate Paragraph numbered 27 of the Departmental Rules and Regulations of the Civil Service Commission for the Police Department in that at such time and place, and while on duty as a police officer, he failed to obey specific orders and instructions and failed to take proper police action reasonably expected in a particular situation in that when instructed by a superior officer to respond to a police call, he did not do so, despite the fact that he had advised his superior officer that he would so respond."

Paragraphs numbered 4, 22 and 27 of the Rules and Regulations of the Civil Service Commission for the Police Department, alleged to have been violated in the above charges, are as follows:

"4. STANDARD OF CONDUCT

"Every member of the Department is required to obey strictly and execute promptly all orders of his superiors, and to conduct himself in the discharge of his duties and in his relations with the public and other members of the Department in a manner which will promote the most efficient operation of the Department. The conduct of members in their personal life and while off duty shall be such that it will not bring adverse criticism or disrepute to the Police Department of the City of Evansville."

"2. INTOXICATING LIQUORS

"Members of the Department shall not drink intoxicating liquor of any kind while on active duty, nor *while off duty to an extent unfitting him for duty. The odor of liquor on the breath of a member when reporting for duty, or while on active duty, shall be deemed sufficient evidence that he is unfit for duty, and in violation of this rule....*" [Our emphasis.]

"27. NEGLECT OF DUTY—NEGLIGENCE

"Failure to obey specific orders, regulations, or instructions, or to take proper police action reasonably expected in a particular situation, may be deemed neglect of duty or negligence, depending on the circumstances."

After a hearing *de novo* on appellee's "appeal" to the trial court, said court entered its finding, as follows, in part:

"And now the Court finds as a matter of law that the charges herein of which the plaintiff was found guilty as set forth in the transcript and on the records of the Civil Service Commission for the Police Department of the City of Evansville, Indiana, were not specific as to [1] place and [2] nature of the offense or offenses charged and that such proceedings were illegal and void *ad initio* and necessarily contrary to law.

. . .

"The Court further finds that the proceedings held by the Civil Service Commission for the Police Department of Evansville discharging Melville Nelson as a member of the Police Department of the said City should be set aside and reversed, . . ."

Very obviously, and reasonably so, the trial court in reaching its decision, and the appellee in this appeal, relied upon the following statement in *City of Ft. Wayne* v. *Bishop* (1952), 228 Ind. 304, pp. 310, 312, 315, 92 N. E. 2d 544, which also involved proceedings for discharge of a police officer. In that case this court in a general discussion of the issue stated:

" . . . The charge made must be specific as to time, *place,* and the nature of the offense or offenses charged. . . . " [Our emphasis.]

However, an examination of the case and of the law, relating thereto, discloses (1) that the statement as to

the specific "time," and "place," of the offense was mere dicta, unnecessary to the decision of the case, and (2) that in these respects the statement is not supported by the law relevant to such proceedings. The absence of such allegations in a charge do not make it fatally defective unless they (time and place) are essential elements of the particular offense charged.

The following excerpts from the *Ft. Wayne* case, *supra,* clearly demonstrate that the case was *not* decided on the ground that the charge was not specific as to the time or place of the offense charged, as stated in that case. Rather, it was decided on the ground that:

" . . . [T]he causes for which a member of the police force may be dismissed or otherwise disciplined are specifically provided for in the third sentence of the statute [§48-6105, Burns' 1963 Repl. (Acts 1935, ch. 282, §1, p. 1395)], as follows: (1) conviction of a criminal offense, (2) neglect of duty, (3) violation of rules, (4) neglect or disobedience of orders, (5) incapacity, (6) absence without leave, (7) immoral conduct, (8) conduct injurious to the public peace or welfare, (9) conduct unbecoming an officer, (10) or other breach of duty. . . . [p. 310.]
. . .
" . . . Appellee could be tried before the Board of Public Safety only upon 'the written reasons . . . entered upon the records of such board.' *State ex rel. Felthoff* v. *Richards* [203 Ind. 637, 180 N. E. 596], *supra,* page 644. . . . An examination of the *charges so entered in writing against appellee upon the records of such board fails to disclose anything said or done or omitted to be said or done by appellee that would justify either dismissal or discipline under the statute.*" [Cases cited.] [p. 312.] [Our emphasis.]

" . . . In the instant case *not one of the statutory reasons for discipline or dismissal was*

*entered in writing upon the records of the board.*
... " [p. 310.] [Our emphasis.]

Therefore, this court, in the above case, concluded that since *"no lawful charges were filed* against appellee, . . . no legal hearing was ever had before the Board of Public Safety of appellant, and that its action dismissing appellee from the police force was wholly arbitrary and capricious." [p. 315.] [Our emphasis.]

Furthermore, it is to be noted that there is nothing in §48-6105, Burns' 1963 Repl., *supra,* which requires that "The charge must be specific as to time, place, . . . " stated in the *Ft. Wayne* case, *supra* [p. 310], and that the statement is not supported by citation of any authority. Instead, the only provision of the statute relative to "time," and "place," appears in relation to the *notice* required to be given of such proceedings. It is provided that prior to such disciplinary proceedings the accused officer must first be notified "of the *time and place of hearing."* [§48-6105, *supra.*] [Our emphasis.] With regard to the form and substance of the charge itself, the statute, *supra,* merely provides that "written *reasons* for such removal shall be entered upon the records of such board." [Our emphasis.]

A verbatim statement of the first part of §48-6105, *supra,* is as follows:

"Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are removed by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the *time and place of hearing,* and after an opportunity for a hearing is given, if demanded, and the *written rea-*

*sons for such removal shall be entered* upon the records of such board. ... " [Our emphasis.]

The proceedings as held by the Commission are governed by the general rules of procedure before administrative bodies. This allows for less formality than in civil proceedings before a court in both the charge and conduct of the hearing held pursuant thereto. However, appellee asserted in the trial court, and here argues on appeal, that since the relief sought is penal in nature, the statute and the rules and regulations are to be construed liberally in favor of the accused officer and strictly against the Commission and, therefore, that the accused officer must be informed not only as to the nature of the charge against him, but also the particulars thereof as to time and place, so as to inform him in complete detail as to the proof which would be adduced against him, and that failure to so state the charge deprived the Board of jurisdiction of the subject-matter so as to render its action void *ab initio*. This was the conclusion of the trial court in this case.

Appellee's above contentions are erroneous for several reasons. The purpose of §48-6105, *supra*, which established a conditional tenure of office in appellee, also provided for the creation of the Commission through which the interest of the public could be protected against the misconduct of such officers. Under the statute it is obviously intended that police officers be protected in their offices, especially against political involvements, but it is of equal or greater import that the interest of the public be protected by a police department composed of able, dependable and well-disciplined police officers. Therefore, it cannot be said that the formality of the plead-

ings involving the discipline of such officers be construed more liberally in favor of the accused than the public. In fact, there is substantial authority to the contrary.[1]

Also, in this case we are confronted by the fact that the Commission, at the time of the alleged misconduct, only had knowledge that appellee was supposed to be on duty but that he was not where he was supposed to be. Appellee, alone, had actual knowledge of the *place* where he was when he allegedly failed to make the call in question. Under these circumstances, it is unreasonable to ask that the charge be made more specific as to the place where the offense was committed. It was sufficient to state that the offense was committed while the appellee was on duty.

---

1. In *City of Gary* v. *Yaksich* (1949), 120 Ind. App. 121, 127, 90 N. E. 2d 509, the Appellate Court cited, with approval, 62 C. J. S., Municipal Corporations, §577, p. 1119, where it is stated:

". . . A removal or discharge of a policeman is not for the purpose of punishing the officer or of depriving him of any of the emoluments of the office but is for the protection of the public. A provision regulating the removal of policemen is remedial in its nature, and, as such, should be *liberally construed*, so as to give effect to the general policy of the lawmaking body, and to embrace all cases coming fairly within its scope. . . ." [Our emphasis.]

As was said by the Supreme Court of Illinois in *Harrison* v. *Civil Service Com.* (1953), 1 Ill. 2d 137, at 153, 115 N. E. 2d 521:

". . . [T]he discharge of a police officer for conduct unbecoming a member of the department is not only for the purpose of punishing the officer, but for the protection of the public, . . ."

And as was earlier said by the Supreme Court of Iowa, in *Mohr* v. *Civil Service Com.* (1919), 186 Iowa 240, 246, 172 N. W. 278, in a case in which that court was also considering the discharge of a drunken policeman:

". . . The commission is formed for the purpose of protecting the people from a continuance in office of men who are guilty of misconduct, or who have failed to properly perform their duties under such rules and regulations as may be adopted by the council."

Furthermore, the rule is well settled that if the complaint in civil actions fails to state some essential element, the complaint must be tested by demurrer, and if the complaint merely fails to state an essential element of the cause of action with *sufficient certainty*, the defendant's remedy is a motion to make more specific. In either event, if a defendant makes no objection to the form of complaint but, instead, proceeds to hear the cause without challenging the sufficiency thereof, it must be considered that the defendant has waived the alleged deficiencies therein. *Bronnenberg* v. *Goins* (1915), 183 Ind. 225, 108 N. E. 862; *The Indianapolis, Decatur and Western Railway Company* v. *Hood et al.* (1892), 130 Ind. 594, 30 N. E. 705; 23 I. L. E. §§231-34, pp. 434-40.

A similar rule of pleading is also applicable in criminal actions where the charge must be stated with greater particularity. In such actions, uncertainty in the statement of facts constituting the offense can be questioned only by a motion to quash. *Rowe* v. *State* (1922), 191 Ind. 536, 133 N. E. 2. Failure to raise the question of uncertainty in an indictment or affidavit by motion to quash waives the question. *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306.

Appellee did not question the sufficiency of the charge prior to the hearing before the Commission. Appellee's position upon this issue is made even less tenable by the further fact that, at the beginning of the hearing, he and his counsel stated that they were familiar with the charges and expressly waived the reading thereof. And at the conclusion of the trial, appellee's counsel stated "For the record, I claim no technicalities, and this proceeding has been in order and I have agreed to everything."

In his "appeal" before the trial court, appellee also alleged as ground for reversal that he had not con-. sented to any waiver by his counsel of the alleged defects in the charges against him, on the assumption that in the absence of such consent he was not bound thereby. Appellee continues to assert his position on appeal to this court. However, the law upon this issue is well settled and has very recently been restated by this court, as follows:

" . . . Likewise in this state, a client is bound by the acts or non-acts of his attorney, . . . and he can not accept the benefits thereof and reject the undesirable acts or non-acts of his attorney. There are no allegations nor proof that the attorney in this case was incompetent." *In Re: L. C. Lee* (1964), 246 Ind. —, 198 N. E. 2d 231.

We conclude that although an accused police officer may, under certain circumstances, require that, preliminary to the hearing before the Commission, the charge against him be made more specific as to time and place. [*Tryon* v. *City of Terre Haute* (1963), 136 Ind. App. 125, 193 N. E. 2d 377], failure to state those facts in the charge does not render it void *ab initio,* unless those facts are essential elements of the offense itself.

We therefore conclude that the deficiency, if any, in the charge made against the appellee by the Civil Service Commission for the Police Department was waived by the appellee.

Further, appellee argues that even though this court determines that the charge was not void *ab initio,* the judgment of the trial court should be affirmed for the reason that, under the statute [§48-6105], *supra,* on appeal, the case was tried *de novo* in the trial court. Therefore, appellee argues that all presumptions must

be indulged in favor of the decision of the trial court, and he cites the fact that the judgment is supported by substantial evidence and argues that there are no errors at law in the trial court which, on appeal, would require the reversal of the judgment of that court.

Admittedly, there is some confusion in the decisions of the several states as to the law regarding the nature of the proceedings in a trial court where it is provided by statute that, in event of an appeal from a decision of a public administrative board, the cause shall be tried *de novo* in the trial court. The conflict in these cases is primarily due to the fact that there is no uniformity in the statutes which govern such "appeals." However, the law regarding the nature of such proceedings has been clearly established in this state by the decisions of this court. Upon this issue this court has stated:

" . . . In *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. (2d) 501, 503, it is held that the so-called appeal to the circuit or superior court is in the nature of an action for a mandatory injunction; that the purpose of the action is to determine the legality of the order made by the Board of Public Works and Safety; that: 'The court will not undertake to control the discretion of such boards in making orders in the administration of the affairs of the state so long as the orders are not tainted with fraud, capriciousness, or illegality.' . . .

"When it appears to the court that the evidence before the ministerial board was conflicting, and this is conceded by the appellants' complaint in this case, and that there was substantial evidence before the ministerial body justifying its action, there is no illegality, and the determination of the ministerial body should not be disturbed. *School City of Peru et al.* v. *State ex rel. Youngblood* (1937), 212 Ind. 255, 7 N. E. (2d) 176." *Lloyd* v. *City of Gary* (1938), 214 Ind. 700, 703-704, 17 N. E. 2d 836.

Notwithstanding the provisions of the statute, *supra,* that the cause be tried *de novo* on appeal to the trial court, this court in the case of *State ex rel. Pub. Serv. Comm.* v. *Boone C. C., etc.* (1957), 236 Ind. 202, 211-212, 138 N. E. 2d 4, stated the rule of law as follows, in part:

" . . . [A] review or appeal to the courts from an administrative order or decision is limited to a consideration of whether or not the order █ was made in conformity with proper legal procedure, is based on substantial evidence, and does not violate any constitutional, statutory, or legal principle. . . . "

Consistent with the rule above enunciated, on review of an administrative act or order where the court is said to hear the matter *de novo,* the burden is █ on the complainant to establish the invalidity of the administrative action and, in doing so, the trial court may not merely substitute its judgment for that of the administrative body. It may not interfere with the exercise of the discretionary authority of that body, unless it is made to appear that it acted in the exercise of that discretion in an arbitrary, capricious, fraudulent, or otherwise illegal manner. *Pub. Ser. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *State ex rel. Pub. Serv. Comm.* v. *Boone C. C., etc.* (1957), 236 Ind. 202, 138 N. E. 2d 4; *N. Y., C. & St. L. R. R. Co.* v. *Singleton* (1935), 207 Ind. 449, 190 N. E. 761, *cert. denied* 296 U. S. 578, 56 S. Ct. 89.

We therefore examine the evidence before the Commission for the purpose of determining whether █ there was substantial evidence to support the finding and decision of the Commission.

Appellee contends that the evidence before the Com-

mission did not sustain any of the charges made against him. With regard to charges 1 and 2, that appellee "drank intoxicating liquor and became drunk while on duty," appellee asserts that the only evidence upon this issue is his own testimony which was to the effect that he drank five bottles of beer *before* he went on duty at 2 o'clock in the afternoon. He asserts that there is no evidence that he "drank . . . while on duty," as charged. However, the Commission had before it the testimony of three officers who saw and interrogated appellee at 4:30 on the same day at the police headquarters, after he had reported in at 2 o'clock and while he was still on duty. They stated that appellee was drunk, and that appellee told them he had been drinking, and, although he first said that he had been at home during the past hour, he admitted on questioning that he had been "on 6th Street and not at home." The Commission was not obliged to believe his testimony on this subject, especially in view of the conflict therein, and certainly it was confronted with a strong inference that the facts were contrary to his testimony. For example, the Commission was obliged to consider these facts. Why was Nelson not on patrol duty for an hour before he was called in? If he was ill, why was he at the 6th Street address instead of at home, and why did he falsely report this fact? Would a man who was accustomed to drinking be "drunk" more than two hours after he had drunk five bottles of beer "around" a period of time?

Furthermore, in considering the sufficiency of the evidence in support of these charges, Regulation 22 contains the following provision regarding the evidence necessary to prove its violation, as follows, in part:

"Members of the Department shall not drink intoxicating liquor of any kind *while on active duty*

nor *while off duty to an extent unfitting them for duty. The odor of liquor on the breath of a member* when reporting for duty or *while on active duty shall be deemed sufficient evidence that he is unfit for duty and in violation of this rule. . . ."* [Our emphasis.]

This provision and the charge are broad enough even to include the circumstance as testified to by appellee; that he drank liquor "while off duty" causing him to become intoxicated while on duty, "to an extent unfitting them [him] for duty."

In either event, on the basis of the above testimony, the Board could have reasonably determined that charges 1 and 2 were sustained by sufficient evidence.

The same conclusion must be reached with regard to charge 4, which was to the effect that appellee failed to respond to a police call by a superior officer, although he had agreed to do so. Appellee's testimony is that he did make the call, but arrived after other police officers were on the scene of the burglary, and since they seemed to have matters under control, he did not report his presence to other officers at the scene or get out of his car, but returned to a 6th Street address where he had received the call. However, the six other officers who were at the scene stated that they did not see the appellee. Appellee did not report to headquarters as having made the call as he would have been expected to do, and, thereafter, when directed to report by telephone to police headquarters, he gave an evasive answer, stating that he *"would, if he could make it."* Furthermore, when he did report to headquarters, as previously noted, he first stated that he had been at home during the previous *hour,* but later admitted that he had been at a 6th Street address *during this period.* The "call" to which this

charge relates was made by other officers *during* this one hour period. And in the trial court appellee first testified that he had reported in after he had made the particular call but later admitted that he had reported having made the call *only after he received an inquiry* by telephone from the dispatching officer.

Under the above circumstances, the Commission could reasonably infer that the appellee's statements were not subject to belief and that he did not make the call, as was stated in the charge against him.

We conclude that the charges against appellee, as entered on the records of the Commission, stated the *reason* for appellee's discharge with sufficient certainty to meet the requirements of the statute, and that appellee waived any issue as to whether the charges were stated in such specific detail as to enable him to fully anticipate and meet the evidence which would be presented against him, by his failure to ask that the charges be made more specific. Further, we conclude that the decision of the Commission was supported by substantial evidence.[2]

The judgment of the trial court is ordered set aside and said court is ordered to restate its findings of fact

2. During the hearing before the Commission, and also in the trial court, the appellee was permitted to introduce evidence regarding both a citation for bravery and his propensity for alcohol during the 12 years of service as a policeman. His record of disciplinary actions (in addition to this action) discloses the following:

1. Jan.   8, 1952 Conduct unbecoming an officer.
2. Nov.  20, 1953 Conduct unbecoming an officer. Drunk.
3. June  24, 1955 Conduct unbecoming an officer.
4. Aug.  28, 1959 Conduct unbecoming an officer.
5. March 29, 1960 Conduct unbecoming an officer.
6. May   13, 1960 Conduct unbecoming an officer. Drinking; hit two cars, one on Walnut Street, the other on Second.
7. Jan.  21, 1961 Reporting for duty under influence of intoxicating liquor.

and conclusions of law, in a manner consistent with this opinion, and to enter its judgment accordingly.

Judgment reversed.

Arterburn, Landis and Myers, JJ., concur. Jackson, J., dissents.

NOTE.—Reported in 199 N. E. 2d 703.