CITY OF NEW ALBANY *v.* WHITEMAN.

[No. 20,383. Filed December 8, 1966. Rehearing denied January 12, 1967. Petition to Transfer granted March 8, 1968.]

*Robert A. Kelso,* of New Albany, for appellant.

*Evan A. McLinn* and *A. Eugene Hancock,* both of New Albany, for appellee.

PRIME, J.—Appellee Whiteman, a police officer of the City of New Albany, was charged with immoral conduct unbecoming an officer of the Police Department, to-wit: having unlawful carnal intercourse with a married woman.

As provided by statute a hearing was conducted by the Board of Public Works and Safety of the City of New Albany and the Board found that the charges were true and Patrolman Whiteman was dismissed from the force and his pay stopped as of June 30, 1964, the date of the filing of the charges.

Whiteman took an appeal to the Floyd Circuit Court and after a trial without jury the court entered the following judgment:

> "And now upon said Special Findings of Fact and Conclusions of Law, IT IS CONSIDERED, ORDERED AND ADJUDGED by the Court, that the findings and decision of the Board of Public Works and Safety of the City of New Albany, Indiana, be and the same is hereby affirmed in regard to the finding that Patrolman Whiteman is guilty of violation of rules, immoral conduct, and conduct unbecoming an officer of the New Albany Police Department, as charged.

> "IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED by the Court, that the punishment meted out by the said Board be and the same is hereby *modified*, in that, instead of being dismissed from the force, Patrolman Whiteman be and he hereby is punished by a forfeiture of three months pay amounting to the sum of $1,170.00, however, the City of New Albany, Indiana, is ordered to pay all other pay that would have been paid to Patrolman Whiteman since the 30th day of June, 1964, amounting to the sum of $1,380.00.

> "IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED by the Court, that Patrolman Whiteman be and he is reinstated as a patrolman in the New Albany Police Department, effective as of the 30th day of June, 1964.

> "The Court orders the City of New Albany, Indiana, to pay costs, taxed at $15.95.

> "(s) Paul J. Tegart, Judge." (Emphasis added)

Appellant City filed a timely petition for rehearing which was denied, and this appeal followed.

This cause is subject to the provisions of Burns' Indiana Statutes § 48-6105. The pertinent language is:

"If the court finds that the action or decision of the board appealed from should not be affirmed in all things, then the court shall make a general finding, setting out, however, sufficient facts to show the nature of such proceeding and the court's decision thereon, and shall render judgment either reversing the decision of the board, or ordering the same to be modified as the court shall find and adjudge to be proper . . ."

The legislature has thus made it clear that the proper reviewing court is not barred from setting aside or modifying a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial and completely determinative, when viewed in the light that the record in its entirety furnishes proper evidence opposed to the Board's view.

The trial court apparently found that the decision of the Board should not be affirmed in all things, in that the punishment meted out was too harsh under the circumstances. The trial court ordered the decision of the Board modified, to that extent, which we believe he had the statutory right to do. The experience of the trial court is ample to insure that a fair decision was reached that was not contrary to law.

The appellant urges that the trial court did not find specifically that the Board acted in a manner that was *"arbitrary, capricious,* and *illegal"* and thus could not modify the Board's decision. It is clear that a trial court may not merely substitute its judgment for that of the administrative body, and thus may not modify the Board's judgment unless it appears to the trial court that the Board's exercise of discretion in the matter was in an arbitrary, capricious, fraudulent or otherwise illegal manner. *City of Evansville* v.

*Nelson* (1964), 3 Ind. Dec. 545, 245 Ind. 430, 199 N. E. 2d 703. In the case before us, it is apparent from the judgment appealed from that the trial court did find and concluded that the punitive decision of the Board was the result of arbitrary or capricious action.

If *City of Evansville* v. *Nelson, supra,* were interpreted as requiring a special finding on this subject we find no purpose to be served by remanding the action for special finding thereon.

"When special findings of fact are made in an action tried by the court without a jury *and the court fails to find on some material issue of fact* on appeal from the judgment the reviewing court may either affirm the judgment if it is supported by undisputed evidence, or vacate the judgment and remand the action for findings on the material issues of fact." (Our emphasis)

Rule 2-30, Rules of the Supreme Court.

No question was raised here as to the special findings of fact. We therefore find the judgment supported by evidence about which there is no dispute here and further find that the court had authority to act as it did.

Judgment affirmed.

Carson and Faulconer, JJ., and Wickens, C. J. concur.

NOTE.—Reported in 221 N. E. 2d 681.