STATE OF INDIANA ON RELATION OF WILLIAM TODD, JR., *v.* RICHARD GORDON HATCHER, INDIVIDUALLY AND AS MAYOR OF THE CITY OF GARY, INDIANA, GARY FIRE COMMISSION, AND THE INDIVIDUAL MEMBERS, ROBERT LOWERY, ELI MANDICH, PAUL WALLACE AND CITY OF GARY, INDIANA.

[No. 3-373A30. Filed October 17, 1973. Rehearing denied January 8, 1974. Transfer denied April 10, 1974.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Charles A. Ruckman,* Corporation Counsel, of Gary, for appellees.

HOFFMAN, C.J.—This is an appeal by plaintiff-appellant William Todd, Jr. from a judgment affirming the finding and decision of the Gary Fire Civil Service Commission (Commission).

The trial court found that on February 18, 1972, the Fire Chief of the City of Gary submitted a letter to the Board of Public Works and Safety (Board) regarding certain alleged instances of misconduct on the part of Todd. On February 22, 1972, Todd and counsel appeared before the Board and challenged Board's jurisdiction over the subject-matter and person in question. Subsequently Board entered an order stating that it possessed such jurisdiction and that the Fire Chief had correctly followed civil service procedure.

The order further accepted the facts as stated in the letter of the Fire Chief and suspended Todd indefinitely. The Board did not call witnesses, receive and transcribe sworn testimony or generally comply with the hearing provisions of IC 1971, 18-1-11-3, Ind. Ann. Stat. § 48-6105 (Burns Cum. Supp. 1972).

Following the entry of Board's order, Todd filed a demand for investigation before Commission. Pursuant to a hearing on June 16, 1972, Commission entered a decision amending the action of Board. This amendment ordered Todd's suspension without pay from February 18, 1972, to and including September 30, 1972, and further stated that Todd should be restored to duty and rank on October 1, 1972.

On September 28, 1972, Todd filed a notice of appeal with Commission in compliance with IC 1971, 19-1-37.5-7, Ind. Ann. Stat. § 48-6249h (Burns Cum. Supp. 1972). Thereafter, the trial court heard Todd's appeal and on January 26, 1973, entered judgment affirming the decision and finding of Commission.

Todd first contends that his dismissal was in violation of § 48-6105, *supra*, and § 48-6249h, *supra*.

The first issue to be considered is whether the hearing provisions of IC 1971, 18-1-11-3, Ind. Ann. Stat. § 48-6105, *supra*, have been superseded by IC 1971, 19-1-37.5-7, Ind. Ann. Stat. § 48-6249h, *supra*.

Section 48-6105, *supra*, provides, in part, as follows:

"Firemen and policemen—Removal—Grounds—Action of commissioners — Trial — Appeal — Bond — Procedure — Finding — Rehearing — Precedence.—Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are removed by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing

is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board. * * *."

Subsequently, IC 1971, 19-1-37.5-1, Ind. Ann. Stat. § 48-6249a, *et seq.* (Burns Cum. Supp. 1972), was enacted.

Section 48-6249h, *supra,* provides, in pertinent part, as follows:

"Discharge — Demotion — Suspension — Procedure — Appeal.—No person in the classified civil service who shall have been permanently appointed or inducted into civil service under provisions of this chapter [§§ 48-6249a—48-6249x], shall be removed, suspended, demoted or discharged except for cause, and only upon the written accusation of the appointing power, or any citizen or taxpayer, a written statement of which accusation, in general terms, shall be served upon the accused, and a duplicate filed with the commission. The chief of the fire department may suspend a member pending the confirmation of the suspension by the regular appointing power under the chapter which must be within three [3] days. Any person so removed, suspended, demoted or discharged may, within ten [10] days from the time of his removal, suspension, demotion, or discharge, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. * * *

"All investigations made by the commission pursuant to the provisions of this section shall be by public hearing, after reasonable notice to the accused of the time and place of such hearing, at which hearing the accused shall be afforded an opportunity of appearing in person and by counsel, and presenting his defense. * * *."

Section 48-6105, *supra,* provides for removal only after an opportunity for a hearing is afforded. Section 48-6249h, *supra,* provides for suspension pending confirmation by "the regular appointing power" and a hearing by the Commission after suspension. The two statutes provide for a hearing before different administrative bodies.

The possibility that a member "may" be suspended prior to a hearing and afforded a hearing before an impartial third body in the latter statute gives rise to a manifest conflict with

the mandatory language of the former Act. In this respect, the two statutes cannot be construed in harmony with each other.

Two statutes on the same subject must be construed so as to give effect to both, if possible; however, where the two are repugnant in any of their provisions the latter Act will operate to the extent of the repugnancy as to a repeal of the former even though the latter statute contains no repealing clause. *Payne, President et al.* v. *Buchanan, et al.* (1958), 238 Ind. 231, 238, 148 N.E.2d 537; *Kramer* v. *Beebe* (1917), 186 Ind. 349, 355, 115 N.E. 83; *State* v. *Doversberger* (1972), 153 Ind. App. 563, 288 N.E.2d 585, 33 Ind. Dec. 272 (transfer denied).

Therefore, by reason of the fact that § 48-6105, *supra,* stands in irreconcilable conflict with § 48-6249h, *supra,* the former and more generally applicable statute must yield to the provisions of the latter.

Such repeal by implication is necessarily limited to the extent of the conflict. Such conflict is existent insofar as § 48-6249h, *supra,* finds applicability, and such applicability is defined by the provisions of § 48-6249a, *supra,* which provides as follows:

> "Civil service for firemen in Lake County.—The provisions of this chapter [§§ 48-6249a—48-6249x] shall apply to all cities having regularly organized paid fire departments and a population of less than one hundred thousand [100,000] or more than one hundred and twenty-five thousand [125,000] according to the last preceding United States decennial census in counties having three [3] or more second-class cities, Provided, however, That such provisions may be applied to other cities in said counties pursuant to Section 21 [§ 48-6249v] of this chapter."

Consequently, to the extent that certain municipalities do not meet the requirements of § 48-6249a, *supra,* or choose not to adopt the civil service system provided for in § 48-

6249a, *et seq., supra,* pursuant to § 48-6249v,[1] *supra,* § 48-6105, *supra,* remains in full force and effect.

In view of the existing repeal by implication, the procedure concomitant to Todd's dismissal could not have transgressed the hearing provisions of both statutes. Rather, such procedure could only have violated § 48-6249h, *supra,* provided that a violation thereof, in fact, occurred.

Accordingly, the next issue to be considered is whether the procedural requirements of § 48-6249h, *supra,* were violated

A review of the aforestated facts relevant to this issue readily discloses proper compliance with procedure except for one uncertainty.

Todd asserts that Commission's failure to timely file a transcript of proceedings with the trial court rendered such proceedings void and entitled him to judgment as a matter of law.

Appellant relies upon *City of New Haven* v. *LeFever* (1968), 143 Ind. App. 88, 238 N.E.2d 487 (transfer denied), as being supportive of this contention.

Therein, the Chief of Police of the City of New Haven was summarily removed by the Mayor without any discernable justification. The court, at 89 of 143 Ind. App., at 488-489 of 238 N.E.2d, stated that,

> "Appellee served in that capacity until December 30, 1964, when the mayor informed him, 'You no longer have a job.' When appellee asked what the charges were the mayor replied, 'There are no charges. You're just automatically out.' "

---

1. Section 48-6249v provides: "Civil service for firemen in city of Hammond—Election to adopt.—The civil service system provided for in this chapter [§§ 48-6249a—48-6249x] may be adopted in a city having a population of more than one hundred thousand [100,000] but less than one hundred and twenty-five thousand [125,000] in a county of three [3] or more second-class cities only through the procedures set forth in this section.

In the case at bar, however, the record indicates proper compliance with the provisions of § 48-6249h, *supra*, from the time of Todd's suspension by the Fire Chief and throughout all proceedings conducted by Board and Commission.

In *Hamilton* v. *City of Indianapolis* (1946), 116 Ind. App. 342, at 346, 64 N.E.2d 303, at 304, the court stated:

> "The record in this case shows a strict compliance with statutory procedure from the time the charges against the appellant were filed up to and including the decision of the Board of Safety dismissing him from the service of the police department. At this point the appellant became the moving party or aggressor, and it does not seem essential to the protection of his rights that the provision of the statute in reference to the time within which a transcript should be filed by the board need be strictly complied with, provided such transcript is in fact filed in time to be of service to the parties in the presentation and trial of the case *de novo* in the court to which it is appealed."

We are not persuaded by appellant's argument that the proceedings by Commission were void by reason of the delay in filing a transcript where the delay was not significant and where prejudice thereby was not indicated.

The next issue presented for review is whether the disciplinary procedure prescribed in § 48-6249h, *supra*, is violative of the provisions of the Fourteenth Amendment to the Constitution of the United States and Article 1, §§ 12 and 13 of the Constitution of the State of Indiana regarding due process.

Appellant asserts that he is entitled to a full evidentiary hearing prior to the implementation of any disciplinary action.

In *Cafeteria Workers* v. *McElroy* (1961), 367 U.S. 886, at 895, 81 S. Ct. 1743, at 1748, 6 L. Ed. 2d 1230, at 1236, it is stated that,

> "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation. Federal Communications Com. v. WJR Goodwill Station, Inc. 337 US 265, 275, 276, 93 L ed 1353, 1360, 69 S Ct 1097; Hannah v.

Larche, 363 US 420, 440, 442, 4 L ed 2d 1307, 1320, 1321, 80 S Ct 1502; Hagar v. Reclamation Dist. 111 US 701, 708, 709, 28 L ed 569, 572, 4 S Ct 663. ' "[D]ue process," unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.' * * * Joint Anti-Fascist Refugee Committee v. McGrath, 341 US 123, 162, 163, 95 L ed 817, 848, 849, 71 S Ct 624 (concurring opinion)."

The Supreme Court of the United States in *Goldberg* v. *Kelly* (1970), 397 U.S. 254, at 262-263, 90 S. Ct. 1011, 25 L. Ed. 2d 287, at 296, a case which involved the discontinuance of public assistance payments to welfare recipients without a pre-termination evidentiary hearing, has stated that,

"The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be 'condemned to suffer grievous loss,' Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 168, 71 S.Ct. 624, 647, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring), and depends upon whether the recipient's interest in avoiding that loss outweighs the governmental interest in summary adjudication."

In *Goldberg* v. *Kelly, supra,* "grievous loss" to the individual attendant to the termination of welfare payments was not outweighed by the interests of the government. Similarly, in *Bell* v. *Burson* (1971), 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90, it was held that a licensee's interest in retaining his driver's license was not subordinate to the interest of the State and therefore did not exempt the procedure involved in license suspension from the requirements of due process. Moreover, where a State statute allowed an attachment of wages without notice or hearing, the Supreme Court in *Sniadach* v. *Family Finance Corp.* (1969), 395 U.S. 337, at 339, 89 S. Ct. 1820, at 1821, 23 L. Ed. 2d 349, at 352, stated that, "in the present case no situation requiring special protection to a state or creditor interest is presented by the facts."

In the instant case, however, the governmental interest in

summary adjudication is profound and is closely associated with the interest of the public in general.

While the case of *McElroy* v. *Trojak* (1959), 21 Misc. 2d 145, 189 N.Y.S. 2d 824, involved the summary suspension of a police officer without pay pending a full investigation by the appointing power, the rationale expressed by the court is equally appropriate to the present situation. Therein, at 826-827 of 189 N.Y.S. 2d, it was stated that,

> "Police officers occupy a unique status in the maintenance of law and order in a community and the public interests would be seriously jeopardized in the case of a police officer if he were allowed to be incompetent or charged with misconduct and it was required that he be retained in office pending the hearing of the charges or the preparation and service of the charges. In the case of police officers the power to temporarily and summarily suspend in the case of misconduct or incompetency is absolutely indispensable."
> See also: *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N.E.2d 703; *City of Muncie* v. *Campbell* (1973), 156 Ind. App. 59, 295 N.E.2d 379, 382 (transfer denied).

Although *McElroy* v. *Trojak, supra,* is indicative of the substantial weight accorded to public and governmental interests in summary adjudication existing in a particular situation, *Cafeteria Workers* v. *McElroy, supra,* has recognized the propriety of summary adjudication under a wider range of circumstances. Therein, the court, at 896 of 367 U.S., at 1749 of 81 S. Ct., at 1237 of 6 L. Ed. 2d, stated:

> "The Court has consistently recognized that an interest closely analogous to Rachel Brawner's, the interest of a government employee in retaining his job, can be summarily denied. It has become a settled principle that government employment, in the absence of legislation, can be revoked at the will of the appointing officer. In the Matter of Hennen, 13 Pet. 230, 246, 259, 10 L.Ed. 138; Crenshaw v. United States, 134 U.S. 99, 108, 10 S.Ct. 431, 434, 33 L.Ed. 825; Parsons v. United States, 167 U.S. 324, 331-334, 17 S.Ct. 880, 882-883, 42 L.Ed. 185; Keim v. United States, 177 U.S. 290, 293-294, 20 S.Ct. 574, 575, 44 L.Ed. 774; Taylor and Marshall v. Beckham (No. 1), 178 U.S. 548, 575-578, 20 S.Ct. 890, 900-901, 44 L.Ed. 1187."

The court further emphasized that this was not a case in which government action has operated to bestow a badge of infamy upon an employee with an attendant foreclosure of other employment opportunities. It was, however, also acknowledged that rational grounds must exist for summary action.

In the case at bar, Todd has not been precluded from obtaining other employment. He has not been subjected to public ridicule as a result of his suspension. Neither can it be said that his removal by reason of the fact that he was absent without leave was either arbitrary or discriminatory.

Therefore the disciplinary procedures prescribed by § 48-6249h, *supra,* do not violate the provisions of the Fourteenth Amendment to the Constitution of the United States and Article 1, §§ 12 and 13 of the Constitution of the State of Indiana regarding due process.

The final issue for review is whether § 48-6249h, *supra,* is unconstitutional special legislation.

Appellant contends that the statute constitutes a denial of equal protection by reason of the fact that firemen in East Chicago and Gary are subject to a different disciplinary procedure than are firemen in cities elsewhere in the State.

This court may not substitute its judgment for that of the Legislature unless the classification provided in a law is manifestly arbitrary and not based upon substantial distinctions in its subject-matter. *Graves* v. *City of Muncie* (1970), 255 Ind. 360, 264 N.E.2d 607; *Perry Tp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 64 N.E.2d 296.

In the case at bar, it is clear that at the time of the enactment of § 48-6249a, *et seq., supra,* the provisions of § 48-6249h, *supra,* found applicability in only two cities.

The operation of a law need not be uniform. However, its operation must be the same throughout the State under like

circumstances. *Graves* v. *City of Muncie, supra; Bumb* v. *City of Evansville* (1907), 168 Ind. 272, 80 N.E. 625.

Other cities in the State may, in time, meet the population requirements contained in § 48-6249a, *supra,* and thus be subject to the provisions of § 48-6249h, *supra.* The law treats equally all cities which fall within its well-defined scope and is not, therefore, unconstitutional as representing special legislation. See: *Bailey* v. *Evansville-Vanderburgh A.A. Dist.* (1960), 240 Ind. 401, 166 N.E.2d 520.

No reversible error having been shown, the judgment of the trial court is, therefore, affirmed.

Affirmed.

Sharp, J., concurs; Staton, J., concurs in result.

NOTE.—Reported at 301 N.E.2d 766.