THE STATE OF INDIANA ON RELATION OF EMMITT BARGE, JR. *v.*
RICHARD GORDON HATCHER, INDIVIDUALLY AND AS MAYOR OF
THE CITY OF GARY, INDIANA, GARY FIRE COMMISSION, AND THE
INDIVIDUAL MEMBERS, ROBERT LOWERY, ELI MANDICH, PAUL
WALLACE AND CITY OF GARY, INDIANA.

[No. 3-973A118. Filed November 15, 1973. Rehearing denied
January 8, 1974. Transfer denied April 10, 1974.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Charles A. Ruckman,* Corporation Counsel, of Gary, for
appellees.

HOFFMAN, C.J.—This is an appeal by plaintiff-appellant
Emmitt Barge, Jr., from a judgment affirming the finding
and decision of the Gary Fire Civil Service Commission (Commission.)

The trial court found that on September 27, 1971, the Fire
Chief of the City of Gary submitted a letter to the Board
of Public Works and Safety (Board), regarding certain alleged instances of misconduct on the part of Barge. Following
discussion of the charges on September 28, 1971, Board dismissed Barge, effective September 27, 1971. The Board did
not call witnesses, receive and transcribe sworn testimony,
allow for cross-examination, or generally comply with the
hearing provisions of IC 1971, 18-1-11-3, Ind. Ann. Stat
§ 48-6105 (Burns Cum. Supp. 1972).

Following the entry of Board's order, Barge filed a demand
for investigation before Commission. Pursuant to a hearing
on November 30, 1972, Commission entered a decision upholding the action of Board and ordering Barge's dismissal from
the Gary Fire Department.

On January 2, 1973, appellant filed a notice of appeal with Commission and initiated the instant cause. Thereafter, the trial court heard Barge's appeal and on July 11, 1973, affirmed the decision and finding of Commission.

The issues presented by appellant are identical to those raised and decided by this court in *State ex rel. Todd* v. *Hatcher* (1973), 158 Ind. App. 144, 301 N.E.2d 766. The decision therein which was adverse to the interests of appellant-Todd must therefore be deemed applicable to the instant case.

Accordingly, the judgment of the trial court is affirmed.
Affirmed.

Lybrook and Staton, JJ., concur.

NOTE.—Reported at 303 N.E.2d 280.