LEON LUEKEN *v.* CITY OF HUNTINGBURG, INDIANA.

[No. 1-375A49. Filed October 9, 1975. Rehearing denied November 12, 1975. Transfer denied May 14, 1976.]

*Gerald R. Thom, Cox and Thom,* of Jasper, for appellant.

*Norbert T. Schneider, William S. Lett, Schneider, Lett and Verkamp,* of Huntingburg, for appellee.

ROBERTSON, C.J.—The plaintiff-appellant, Lueken, is appealing the trial court's decision affirming his dismissal from the police department of the defendant-appellee, City.

A summary of the several issues raised by Lueken shows that he complains of being suspended without proper statutory notice; that the trial court erred in finding his dismissal was not improper, illegal, unlawful, summary, arbitrary, or capricious, that the trial court erred in finding the transcript was full, true, and accurate; and the denial of his trial by jury.

Finding no reversible error, we affirm the trial court.

The pertinent facts show that the Chief of Police filed a petition with the City's Board of Public Works and Safety for the removal of Lueken as a patrolman of the City's Police Department on the 8th of February, 1974. The Board received the petition, directed that Lueken be given an opportunity to request a hearing, and suspended him with pay pending the ultimate disposition of the matter by the Board. The Board set the 12th of February, 1974, for the hearing and ordered notice served on Lueken, which the Chief did. At the Board's meeting on the 12th the Board and Lueken's counsel agreed to a hearing at 2:30 P.M., the 6th of March, 1974. That hearing was held with both sides presenting evidence and arguments. The Board took the matter under advisement until the 28th of March, 1974, when it issued findings and an order discharging Lueken from the police force.

On the 26th of April, 1974, Lueken appealed the decision to the Dubois Circuit Court and took a change of venue. Prior to the change of venue being perfected to the Daviess Circuit Court the City sought and was granted additional time to file the transcript of the Board of Works and Safety hearing. When the change of venue was perfected, Lueken sought a trial by jury which was ultimately denied. The cause was heard by the trial court on 21 and 22 of August, 1974, with the decision being adverse to Lueken and this appeal resulting.

The suspension or dismissal of policemen in a 5th class city[1] is regulated by IC 1971, 19-1-3-2, Ind. Ann. Stat. § 48-6120c (Burns 1963) which reads in pertinent part:

". . . policemen in cities of the fifth class shall be entitled to notice, hearing and right of review before either suspension or dismissal from the . . . police department. Notice shall be given and an opportunity for hearing shall be provided for by the board of public works and safety or the city council. The notice, hearing and right of review provided for by this act shall, to the extent applicable and subject to the same conditions and limitations, comply with the notice hearing and review provided for by [IC 1971, 18-1-11-3 (Burns Code Ed.)]. For the purposes of this act said act and all acts amendatory thereto or supplemental thereto are hereby incorporated in this act by reference."

Lueken first argues that his suspension without notice does not comply with the foregoing statute for the reason that he was suspended prior to any hearing. Neither party directs us to a case, nor are we able to discover one, which has specifically treated the question of suspensions without a hearing under IC 1971, 19-1-3-2, Ind. Ann. Stat. § 48-6120c (Burns 1963).

The City, relying upon *Jenkins* v. *Hatcher* (1975), 163 Ind. App. 95, 322 N.E.2d 117; *State ex rel. Todd* v. *Hatcher* (1973), 158 Ind. App. 144, 301 N.E.2d 766, and *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N.E.2d 703, asserts

1. There is no disagreement that Huntingburg is a city of the 5th class.

that a suspension need not be preceded by a hearing. It is our view, however, that these cases do not interpret the statute under consideration here, and in any event, do not take into consideration the plain language of IC 1971, 19-1-3-2, Ind. Ann. Stat. § 48-6120c (Burns 1963) which provides for a hearing prior to suspension.

However, given the assumption that a hearing is required prior to suspending a policeman in a 5th class city, and given the totality of the circumstances surrounding Lueken's suspension, we cannot ascribe reversible error to the procedure utilized in this case. If we balance on the one hand those authorities relied upon by Lueken which require a strict adherence to statutory procedures and on the other hand that portion of TR. 61 which says:

> "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties",

we feel that the latter must prevail in this case for several reasons.

The overriding considerations of both parties were illustrated in *City of Evansville, supra,* when our Supreme Court said:

> "Under [IC 1971, 18-1-11-3, Ind. Ann. Stat. § 48-6105 (Burns 1963)] it is obviously intended that police officers be protected in their offices . . . but it is of equal or greater import that the interest of the public be protected by a police department composed of able, dependable and well-disciplined police officers." 199 N.E.2d at 708.

The two major interests of Lueken, it would seem, may be reduced to his pay and his reputation. He was suspended with pay and the City moved with dispatch to resolve the issue of his job competency. On the other hand the City was protected by not having an officer on active duty whose ability was in question. While none of these standing alone are dispositive we do believe their collective effect is to protect the relative rights of the parties to the degree contemplated by TR. 61.

Lueken next asserts that the City's actions were improper, illegal, unlawful, summary, arbitrary or capricious for the reason that the Board of Public Works and Safety had prior knowledge of the evidence to be presented against Lueken.[2] Lueken primarily relies upon *City of Mishawaka* v. *Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65, for the proposition that the fact finding process by an administrative board should be free of suspicion or appearance of impropriety. In *City of Mishawaka, supra,* the city attorney not only served as an advocate, he also served as a "judge" of his advocacy.

We have no such obvious display of impropriety in this case but rather a situation akin to that in *Withrow* v. *Larkin* (1975), 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712, where a combination of the investigatory and adjudicative functions, without more, comport with due process.

Lueken further argues that the trial court erred in finding that a full and complete transcript of the proceedings before the Board of Public Works and Safety had been filed with the court as provided for by IC 1971, 18-1-11-3 (Burns Code Ed.).

However, an examination of the transcript that was filed reveals that while gaps and inaudible statements do exist they are not so numerous as to render the transcript incomplete within the contemplation of the statute. Several of the omissions occurred in the closing arguments of counsel and not in the evidence elicited from witnesses. Moreover, Lueken has not offered to this court any showing of what information was missing from the transcript such that the review of his case by the court below was prejudiced.

The trial court did not abuse its discretion in determining that the transcript as filed satisfied the statutory requirements.

2. Lueken also reiterates other issues of this appeal under this issue. We feel that they have been adequately discussed elsewhere in this opinion.

[4] Lueken lastly argues that trial court improperly denied him a jury trial.

The applicable statute, IC 1971, 18-1-11-3 (Burns Code Ed.), does provide for a trial by jury in the reviewing court upon timely request. However, it has been consistently held that this provision does not apply if the only matters before the court are issues of law for in that case a jury, as trier of fact, would serve no useful purpose. *Lloyd* v. *City of Gary* (1938), 214 Ind. 700, 17 N.E.2d 836; *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N.E.2d 205.

Since the issues of the present case were exclusively questions of law, the trial court did not err in denying Lueken's request for a jury trial.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 335 N.E.2d 239.